Daniel P. Winikka (State Bar No. 00794873)
**WINIKKA LAW PLLC**
7522 Campbell Road, Suite 113, #419
Dallas, TX 75248
Phone: 469-384-7710
Facsimile 469-384-7709
dan@danwinlaw.com

PROPOSED COUNSEL FOR DEBTOR IN POSSESSION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re** § | | Chapter 11 |
| § | | |
| **MATTHEW B. MARTORELLO,** § | | Case No. 24-90016-mxm-11 |
| § | | |
| Debtor. § | | **Expedited Hearing:** |
| § | | **October 23, 2024 at 10:30 a.m.** |

### MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE DEBTOR, THE LAC VIEUX DESERT BAND OF LAKE SUPERIOR CHIPPEWA INDIANS, BIG PICTURE LOANS, LLC, EVENTIDE CREDIT ACQUISITIONS, LLC AND CERTAIN OTHER LIMITED PARTIES TO THE SETTLEMENT AGREEMENT

> **Emergency relief has been requested. Relief is requested not later than 10:30 a.m. on Wednesday, October 23, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on Wednesday, October 23, 2024 at 10:30 a.m. in Room 128, 1st Floor, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102.**
>
> **You may participate in the hearing either in person or by an audio and video connection**
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (650) 479-3207; Access Code 2310-650-8783. Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page https://us-courts.webex.com/meet/mullin. The meeting code is 2310-650-8783. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Mullin's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Matthew Brandon Martorello (the "**Debtor**") and files this *Motion to Approve Settlement Agreement and Release Between the Debtor, Lac Vieux Desert Band of Lake Superior Chippewa Indians, Big Picture Loans, LLC, Eventide Credit Acquisitions, LLC and Certain Other Limited Parties to the Settlement Agreement* (the "**Motion**"). In support of this Motion, the Debtor respectfully represents as follows.

## SUMMARY OF SETTLEMENT AGREEMENT

1. On October 17, 2024, Eventide Credit Acquisitions, LLC ("**Eventide**") filed, in its chapter 11 case (Case No. 23-90007-mxm-1) a motion (the "**Eventide Settlement Motion**") (Docket No. 396) to approve a global settlement among the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "**Tribe**"), Big Picture Loans, LLC ("**BPL**"), and Eventide (and together with the Tribe and BPL, the "**Settlement Parties**"), and the Debtor, Tribal Economic Development Holdings, LLC ("**TED**"), Ascension Technologies, LLC ("**Ascension**,"), BWH Texas, LLC ("**BWH**,"), Loeb & Loeb, LLP ("**Loeb Firm**"), Bernard R. Given, II ("**Given**"), Brophy & Bland, PLLC ("**BB Firm**"), and Joseph Brophy ("**Brophy**," and together with the Debtor, BWH, TED, Ascension, Loeb Firm, Given, and BB Firm, the "**Limited Parties**"). The Settlement Parties and Limited Parties are also referred to collectively as the "**Parties**." The terms of the settlement are reflected in the *Settement Agreement and Release* (the "**Settlement Agreement**"),[1] a copy of which is attached hereto as **Exhibit A**. The Settlement Agreement would resolve all of the Pending Actions between the Parties, which are currently pending in the Bankruptcy Court, the District Court, and LVD Tribal Court, including claims asserted against the Debtor in the LVD Tribal Court.

2. The Debtor is a party to the Settlement Agreement, and by this Motion, asks the Court to

---

[1] Any capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Settlement Agreement.

approve the Settlement Agreement as it relates to his estate.

3. As described in the Eventide Settlement Motion, the basic terms of the Settlement Agreement[2] are as follows: (i) the Tribe agrees to pay a "**Settlement Amount**" of $16,886,983.71 to Eventide consisting of a payment of $1.5 million upon the approval of the settlement by the Bankruptcy Court and the entry of the Condemnation Judgment by the LVD Tribal Court, a payment of $1 million on May 1, 2025, and the payment of $14,386,983.71 over forty-eight (48) months at 3.7% interest commencing November 1, 2024 (Settlement Agreement, ¶2); (ii) Eventide agrees to the entry of the Condemnation Judgment by the LVD Tribal Court, which also requires the Tribe to pay the Settlement Amount to Eventide on the same terms as the Settlement Agreement as "just compensation" for the condemnation of the Note and LSA (Settlement Agreement, ¶8);[3] (iii) the Tribal Parties consent to the jurisdiction of the Bankruptcy Court for matters relating to the enforcement of the Settlement Agreement, and agree to broad waivers of sovereign immunity and the right to tribal exhaustion or litigation in a Tribal Forum (Settlement Agreement, ¶¶ 10-14); (iv) the Parties agree to broad mutual releases between the Tribal Parties, on the one hand, and Eventide and the Eventide Limited Parties, includiing the Debtor, on the other (Settlement Agreement, ¶9); (v) the collection of Payments under the Settlement Agreement and any enforcement thereof will be handled by Daniel J. Sherman, Esq., as an independent "Collection Agent" with strict fiduciary duties to the Eventide Estate, who will hold the funds in a separate IOLTA account pending the entry of appropriate orders by the Bankruptcy Court regarding the

---

[2] The general description of the Settlement Agreement contained herein is for illustrative purposes and subject, in its entirely, to the express terms of the Settlement Agreement, which are controlling over the general description of such agreement in this Motion.

[3] Although referenced in both the Settlement Agreement and the Condemnation Judgment, Eventide is only entitled to a single satisfaction of the Settlement Amount and payments pursuant to the Condemnation Judgment shall be credited as payments pursuant to the Settlement Agreement, and vice versa.

disbursement of funds (Settlement Agreement, ¶7); (vi) BPL will make information regarding the identity of its consumer borrowers ("Consumer Borrowers") available to a claims/noticing/balloting agent[4] for any of the Eventide Released Parties, including the Debtor, so that appropriate notices can be sent to the Consumer Borrowers in the bankruptcy cases filed by any of the Eventide Released Parties, including the Debtor's case (Settlement Agreement, ¶17); and (vii) the applicable Parties will dismiss all Pending Actions in the Bankruptcy Court, District Court, and LVD Tribal Court (Settlement Agreement, ¶16).

4. For the reasons set forth herein and in the Eventide Settlement Motion, which the Debtor adopts and incorporates herein, the Debtor asserts the settlement is in the best interests of his bankruptcy estate and should be approved.

**JURISDICTION AND VENUE**

5. The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought in this Motion are sections 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

**PROCEDURAL AND FACTUAL BACKGROUND**

6. On September 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7. The Debtor is managing his property as debtor-in-possession pursuant to section 1107(a) of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

8. The Debtor is an "affiliate" of Eventide because he indirectly owns or controls

---

[4] The Settlement Agreement provides that the Consumer Borrower Information will be made available to either American Legal Claims Services or Donlin Recano & Company, Inc., as the noticing agent for any of the Eventide Released Parties.

more than 20% of its voting member interests. He is also the Manager of Eventide.

9. As described in the Eventide Settlement Motion, the Settlement Agreement resolves all pending matters and disputes between Eventide and BPL in the Bankruptcy Court and on appeal in the District Court, which includes numerous matters as outlined in the Eventide Settlement Motion. It likewise resolves matters between Eventide and the LVD Tribe, in both the LVD Tribal Court and this Court, relating to the LVD Tribe's Complaint for Condemnation.

10. With respect to the Debtor, on August 28, 2024, BPL filed a complaint in LVD Tribal Court against the Debtor as well as against Loeb Firm, Given, BB Firm, and Brophy (the "LVD Tribal Court Action"). The LVD Tribal Court Action is pending as Case No. Case No. 24-cv-05 in LVD Tribal Court.

6. On October 17, 2024, after approximately six weeks of negotiations, the Parties entered into the Settlement Agreement attached hereto as **Exhibit A**. The Settlement Agreement would result in dismissal with prejudice of the LVD Tribal Court Action against the Debtor.

7. The Debtor believes the Settlement Agreement is in the best interests of the Eventide Estate for all the reasons explained in the Eventide Settlement Motion. The Debtor also believes the Settlement Agreement is in the best interests of his estate for the reasons explained below.

**RELIEF REQUESTED**

8. Through this Motion, the Debtor seeks: (i) approval of the Settlement Agreement described herein, (ii) entry of the proposed order granting the Motion (the "Settlement Approval Order"), which will be filed as a supplement to the Motion, (iii) the waiver of any stays applicable to the finality of the Settlement Approval Order, including under Fed. R. Bankr. P. 4001(a)(3) and 6004(h); and (iv) all such further relief to which the Debtor may be justly entitled.

**BASIS FOR RELIEF REQUESTED**

9. As discussed in summary fashion above, if approved, the Settlement Agreement: (i) provides consideration of $16,886,983.71 to the Eventide Estate, as provided in the Settlement Agreement; (ii) permits the condemnation of the Note and LSA by the LVD Tribal Court; (iii) includes consents to the jurisdiction of the Bankruptcy Court and broad waivers of sovereign immunity and the right to tribal exhaustion or litigation in a Tribal Forum by the Tribal Parties for any claim to enforce the obligations in the Settlement Agreement, Settlement Approval Order, and Condemnation Judgment in the event of a default in the payment of the Settlement Amount, (iv) includes broad mutual releases between the Tribal Parties, on the one hand, and Eventide and the Eventide Limited Parties, including the Debtor, on the other; (v) provides for the collection and enforcement of the payments under the Settlement Agreement by an independent Collection Agent for the Eventide Estate Fiduciary; (vi) enables a Noticing Agent for any of the Eventide Released Parties, including the Debtor, to obtain access to information needed to provide notice to the Consumer Borrowers in Eventide's bankruptcy case, the Debtor's bankruptcy case and in any other Eventide Released Party Bankruptcy Case; and (vii) resolves all of the Pending Actions involving the Parties before the Bankruptcy Court, District Court, and LVD Tribal Court.

**A.** *Cajun Electric* **Factors**

10. The Debtor submits that the terms of the Settlement Agreement are fair and equitable, and that its approval is in the best interests of creditors and the Debtor's estate.

11. Bankruptcy Rule 9019(a) generally governs settlements in bankruptcy cases. It provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Rule 9019(a) empowers the Bankruptcy Court to approve a compromise and settlement if it is (a) fair and equitable, and

(b) in the best interest of the estate. *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Mirant,* 348 B.R. 725, 738 (Bankr. N.D.Tex. 2006); *Connecticut Gen. Life Ins. Co. v. United Co. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F. 3d 914, 917 (5th Cir. 1995). Moreover, Bankruptcy Code Section 105(a) states "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. The decision to approve a compromise or settlement is within the sound discretion of the Bankruptcy Court. *See* 9 COLLIER ON BANKRUPTCY ¶ 9019.02 (16th ed. rev. 2016). "Compromises are favored in bankruptcy" because they minimize litigation costs and expedite the administration of the bankruptcy estate. *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) (*citing Martin v. Martin*, 91 F.3d 389, 393 (3d Cir. 1996)). The Bankruptcy Court, however, should not substitute its own judgment for the judgment of a trustee or a debtor. *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). Thus, in assessing a settlement, a court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

13. In this Circuit, a bankruptcy settlement should be approved under Rule 9019 "if the settlement is 'fair and equitable and in the best interests of the estate.'" *See In re Cajun Electric,* 119 F.3d 349, 355 (5th Cir 1977). In deciding whether a proposed settlement is fair and equitable, the Court should analyze the following four factors (the "Cajun Electric Factors"):

(a) The probability of success in the litigation;

(b) The complexity and likely duration of the litigation, any attendant expense, inconvenience or delay, and possible problems collecting a judgment;

(c) The interests of creditors with proper deference to their reasonable views; and

(d) The extent to which the settlement is truly the product of arm's length negotiations.

*Mirant*, 348 B.R. at 739-40 (citing *Cajun Electric Power Coop., Inc.*, 119 F.3d at 355-56) (citations omitted)).

14. As set forth in detail in the Eventide Settlement Motion, the terms of the Settlement Agreement satisfy the Cajun Electric Factors, and the Settlement Agreement is in the best interests of the Eventide estate.

15. From the perspective of the Debtor's estate, the Debtor has indemnification rights against Eventide and is perhaps Eventide's only undisputed creditor. The maximization of recoveries by the Eventide estate is unquestionably also in the best interests of the Debtor's estate. And the Debtor believes that, under the circumstances and given the uncertainties and costs of litigation, and for the reasons explained in the Eventide Settlement Motion, the Settlement Agreement is in the best interests of Eventide's undisputed creditors, including the Debtor.

16. In addition to the indirect benefits through the Eventide estate, the Settlement Agreement provides direct benefits to the Debtor's estate. The Settlement Agreement enables a Noticing Agent for the Debtor to obtain access to information needed to provide notice to the Consumer Borrowers in the Debtor's bankruptcy case. The Settlement Agreement also requires certain findings by the Court, including that Eventide's payment or distribution of any funds received from the LVD Tribe (to the Debtor or otherwise), is not unlawful, protecting the Debtor from liability in respect of any Eventide distributions of proceeds from the Settlement Agreement

to the Debtor.

17. The Settlement Agreement also results in the dismissal with prejudice of the LVD Tribal Suit against the Debtor, which included a claim for purported fraud. While the Debtor does not believe that claim has any merit, the LVD Tribe consistently expressed its intent to pursue the claim and its belief that the claim is non-dischargeable. Even if the claim has no merit, the Debtor's estate could incur substantial fees litigating the claim.

18. The Settlement Agreement requires that the Debtor and the Tribal Parties mutually release all claims against each other. The Debtor's release would include any potential contribution claims against the Tribal Parties. Although the Debtor believes that one or more of the Tribal Parties should bear a portion of the responsibility if the Debtor is in fact ultimately determined to have liability in respect of BPL's lending activities, the ability to collect on any potential contribution claim against BPL or any of the other Tribal Parties would be challenging and likely very costly as already demonstrated by the immense difficulties Eventide faced in collecting on the Note. Accordingly, on balance, given all the benefits to the Debtor's estate of the Settlement Agreement, both directly and indirectly through Eventide, the Debtor in his business judgment submits that the approval of the Settlement Agreement is in the best interests of his estate and creditors.

19. As explained in the Eventide Motion, the probability of success in litigation, the complexity and likely duration of the litigation, the interests of creditors, and the extensive arms' length negotiations all support approval of the Settlement Agreement.

20. Based on the foregoing, the Settlement Agreement meets the applicable standards for approval, is fair and equitable, is in the best interest of the creditors and the Debtor's estate, and represents the exercise of sound and prudent business judgment.

B. **Waiver of Stays Applicable to Settlement Approval Order**

21. For all the reasons explained in the Eventide Settlement Motion, the Debtor requests that the Court waive, and submits that good cause exists for the Court to waive, any stays applicable to the finality of the Settlement Approval Order, including under Fed. R. Bankr. P. 4001(a)(3) and 6004(h).

C. **Settlement Approval Order**

22. Given the exigencies that exist and the need to submit the motions for approval of the Settlement Agreement as quickly as possible, this Motion has been filed before the Parties have finalized the language of the Settlement Approval Orders. The Debtor plans to file the Settlement Approval Order as a supplement to the Motion. The form of the Settlement Approval Order will still be filed in plenty of time for the Court and parties-in-interest to review it prior to the Court's consideration of the Motion.

**PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court grant the Motion, enter the Settlement Approval Order, and grant the Debtor such other further relief as is necessary and proper.

Dated: October 18, 2024                Respectfully submitted,

*/s/ Daniel P. Winikka*
Daniel P. Winikka (TX 00794873)
**WINIKKA LAW, PLLC**
7522 Campbell Road, Suite 113, #419
Dallas, TX 75248
Telephone: (469) 384-7710
Facsimile: (469) 384-7709
dan@danwinlaw.com

**PROPOSED COUNSEL FOR DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing Motion (with all referenced exhibits) to be served via the Bankruptcy Court's CM/ECF system on those parties requesting such electronic notice, and upon the attached service list via United States mail, first class postage prepaid, on October 18, 2024.

                                            */s/ Daniel P. Winikka*
                                            Daniel P. Winikka

**MARTORELLO SERVICE LIST**

Amadou Kilkenny DiawRuyak Cherian LLP (NA)
1700 K Street NW
Suite 810
Washington, DC 20006

Anna Bruty
Rosette, LLP
44 Grandville Ave., SW
Suite 300
Grand Rapids, MI 49503

Lula Williams et al
c/o Beth Ellen Terrell
Terrell Marshall Law Group PLLC
936 North 34th St. Ste. 300
Seattle, WA 98103-6689

Breakwater Holdings, LLC
3805 Greenbrier Drive
Dallas, TX 75225

Craig Thomas Merritt
Christian & Barton LLP
909 E Main St
Suite 1200
Richmond, VA 23219-3095

Richard Lee Smith
c/o Cynthia B. Chapman
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Chris Kobin
c/o John Scofield
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Victoria Renee McKoy
c/o John Scofield
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219

Michael Berthiaume
Norton Rose Fulbright US LLP
111 West Houston Street,
Suite 1800
San Antonio, TX 78205

Lula Williams et al
c/o Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Ascension Technologies, LLC
E23970 Pow Wow Trail
Watersmeet, MI 49969

Brian McFadden
3133 Indian Pont Road
Saugatuck, MI 49453

Craig Carley Marchiando
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco St
Alexandria, VA 22314

Devin Noble
Hinshaw & Culbertson LLP (IL-NA)
100 Park Avenue
PO Box 1389
Rockford, IL 61105

Eleanor Michelle Drake
Berger & Montague PC
43 S.E. Main Street
Suite 505
Minneapolis, MN 55414

William Blum
Solomon Blum Heymann LLP
40 Wall Street
35th Floor
New York, NY 10005

Andrew Kurt Clark
Hirschler Fleischer PC
2100 E. Cary Street
Richmond, VA 23223

Ascension Technologies, LLC
P.O. Box 704
Watersmeet, MI 49969

Big Picture Loans, LLC
Attn: Co-Managers
E23970 Pow Wow Trail
P.O. Box 704
Watersmeet, Michigan 49969

BWH Texas, LLC
3805 Greenbrier Drive
Dallas, TX 75225

Lula Williams et al
c/o Casey Shannon Nash
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Cortland Christopher Putbrese
Dunlap Bennett & Ludwig (Richmond)
8003 Franklin Farms Drive
Suite 220
Richmond, VA 23229

Anna C. Haac
Tycko & Zavareei LLP
1828 L. Street NW
Suite 1000
Washington, DC 20036

Gallant Capital, LLC
3805 Greenbrier Drive
Dallas, TX 75225

Harrison Mann Gates
Christian & Barton LLP
909 E Main St
Suite 1200
Richmond, VA 23219

Hugh McCoy Fain, III
Spotts Fain PC
411 E Franklin St
PO Box 1555
Richmond, VA 23218-1555

Christine Cumming
c/o Tycko & Zavareei LLP
1828 L. Street NW
Suite 1000
Washington, DC 20036

Elizabeth A. Ryan
Bailey & Glasser LLP
Suite 304
99 High Street
Boston, MA 02110

Lula Williams et al
Terrell Marshall Law Group PLLC
936 North 34th St. Ste 300
Seattle, WA 98103-6689

Ian D. Roffman
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604

Internal Revenue Service
Centralized Insolvency Office
P. O. Box 7346
Philadelphia, PA 19101-7346

Dana Duggan
c/o John B. Scofield, Jr.
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

John Michael Erbach
Spotts Fain PC
411 E Franklin St
Suite 600
Richmond, VA 23219

Woods Rogers PLC (Richmond)
c/o Ben Rottenborn
Riverfront Plaza, West Tower
901 East Byrd Street
Suite 1550
Richmond, VA 23219

Rosette, LLP
44 Grandville Ave., SW
Suite 300
Grand Rapids, MI 49503

Mshkawzi Law, LLP
44 Cesar Chavez Ave SW
Suite 250
Grand Rapids, MI 49503

Cliff Investments
c/o Creo Global Capital LLC
2803 S. State St. Ste A
Ann Arbor, MI 48104

Elizabeth Childress Burneson
Hirschler Fleischer PC
2100 E. Cary Street
Richmond, VA 23223

Galloway Settlement
c/o American Legal Claims LLC
PO Box 23650
Jacksonville, FL 32241-3650

Galloway Settlement
c/o American Legal Claims LLC
8011 Philips Highway Ste 5,
Jacksonville, FL 32256

James Dowd
2014 Calle Las Violetas
San Juan, PR 00915-3537

Jennifer Rust Murray
Terrell Marshall Law Group
936 North 34th St
Suite 300
Seattle, WA 98103-6689

David French & Assoc
609 Castle Ridge
Ste 445
Austin, TX 78746

Amlaur Resources, LLC
25 Bayberry Rd
Lawrence, NY 11599

Crescendo Asset Management
501 Madison Ave
New York, NY 10022

Tanya Gibbs
Mshkawzi Law, LLP
44 Cesar Chavez Ave SW
Suite 250
Grand Rapids, MI 49503

Justin Martorello
2019 Westbourne Park Dr.
Houston, TX 77077

Lac Vieux Desert Band of
Lake Superior Chippewa Indians
N4698 US 45
P.O. Box 249
Watersmeet, Michigan 49969

Lac Vieux Desert Band of
Lake Superior Chippewa Indians
N4698 US 45
P.O. Box 704
Watersmeet, Michigan 49969

Elizabeth Clay Solander
Hughes Hubbard & Reed LLP (DC)
1775 I Street NW
Suite 600
Washington, DC 20006

Bank OZK
Attention: Bankruptcy Department
17901 Chenal Parkway
Little Rock, AR 72223

Lenord Bennett
Consumer Litigation Associates
(Richmond)
626 E Broad Street
Suite 300
Richmond, VA 23219

John Gerard Albanese
Berger & Montague PC
43 S.E. Main Street
Suite 505
Minneapolis, MN 55414

Dana Duggan
c/o John J. Roddy
Bailey & Glasser LLP
99 High Street Ste. 304
Boston, MA 02110

Nicole St. Germain
Rosette LLP
1415 L Street
Sacramento, CA 95814

Office of General Counsel
801 Cherry Street
Suite 2500, Unit 45
Fort Worth, TX 76102

Office of United States Trustee
Earle Cabell Federal Building
1100 Commerce St, Room 976
Dallas, TX 75242

Rebecca Martorello
3805 Greenbrier Drive
Dallas, TX 75225

Rebecca Ruby Anzidei
Ruyak Cherian LLP
1700 K St. NW
Suite 810
Washington, DC 20006

Steve A. Peirce
Norton Rose Fulbright US LLP
111 West Houston Street, Ste 1800
San Antonio, TX 78205

Eugene, LLC
c/o Peter Savarino
2803 S. State St. Ste A
Ann Arbor, MI 48104

Three Stans, LLC
c/o Peter Savarino
2803 S. State St. Ste A
Ann Arbor, MI 48104

Justin Gray
Mshkawzi Law, LLP
44 Cesar Chavez Ave SW
Suite 250
Grand Rapids, MI 49503

Tim Arenberg
222 Middaugh Rd
Clarendon Hills, IL 60514

Terrence J. Arenberg
1120 W. Pershing Rd
Chicago, IL 60609

Columbia Pipe and Supply Co.
c/o Mike Moore
1120 W. Pershing Rd
Chicago, IL 60609

Dan Arenberg
DTA and DMA Trusts
1018 Salim Pl
Lemont, IL 60439

Thomas Lester
Hinshaw & Culbertson LLP (IL-NA)
100 Park Avenue
PO Box 1389
Rockford, IL 61105

Timothy J. St. George
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219

Vernie Charles Durocher, Jr.
Dorsey & Whitney LLP (MN-NA)
50 S Sixth St
Suite 1500
Minneapolis, MN 55402

Matthew Hall
c/o Edelman Combs Latturner
& Goodwin LLC
20 S Clark St. Ste 1500
Chicago, IL 60603

Giordani & Assoc
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Kristi Cahoon Kelly
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

Liont, LLC
3805 Greenbrier Drive
Dallas, TX 75225

Renee Galloway
Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Martin Cunniff
RuyakCherian LLP (NA)
1700 K Street NW
Suite 810
Washington, DC 20006

Michael A. Caddell
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Michael J. Leard
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2604

Eventide Credit Acquisitions, LLC
3805 Greenbrier Dr
Dallas, TX 75225

Michael Stinson
Dorsey & Whitney LLP (MN-NA)
50 S Sixth St
Suite 1500
Minneapolis, MN 55402

Freeman Law, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202

Van Ness Feldman, LLP
1050 Thomas Jefferson St. NW
Seventh Floor
Washington, DC 20007

David French & Assoc
609 Castle Ridge Rd, Ste 445
Austin, TX 78746

Robert Allen Rosette
Rosette, LLP
565 W. Chandler Blvd
Suite 212
Chandler, AZ 85225

Simon Liang
119 Gascony Dr.
Greenville, SC 29609-6048

Steve D. Larson
Stoll Stoll Berne Lokting & Shlachter
P.C.
209 SW Oak Street
Suite 500
Portland, OR 97204

Steven C. Berman
Stoll Stoll Berne Lokting &
Schlachter
209 S.W. Oak Street, 5th Floor
Portland, OR 97204

Texas Comptroller of Public
Accounts
Revenue Accounting Division -
Bankruptcy Section
P.O. Box 13528 Capitol Station
Austin, TX 78711

Beth Gernenz
c/o Edelman Combs Latturner
& Goodwin LLC
20 S Clark St Ste 1500
Chicago, IL 60603

Loeb & Loeb LLP
c/o Barney Given
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

Holland & Knight, LLP
601 SW Second Avenue
Suite 1800
Portland, OR 97204

Brophy & Devaney, PLLC
The Overlook at Barton Creek
317 Grace Lane, Suite 210
Austin, Texas 78746

Citibank
Attn: Bankruptcy Dept
PO Box 790034
St. Louis, MO 63179-0034

Upgrade
Attn: Bankruptcy Dept
2N. Central Ave 10th Floor
Phoenix, AZ 85004

Bank of America
PO Box 45224
Jacksonville FL 32232-5224

The Summit Investment Group
3207 Plantation Village
Dorado, PR 00646

Mike Basile
3207 Plantation Village
Dorado, PR 00646

Comenity Capital Bank
Attn: Bankruptcy Dept
PO Box 183043
Columbus, OH 43218-3043

Target Card Services
Attn: Bankruptcy Dept
PO Box 673
Minneapolis, MN 55440

Lulu Williams
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Lulu Williams
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Renee Galloway
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Renee Galloway
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Dianne Turner
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Dianne Turner
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Kevin Minor
c/o John Scofield
628 E. 9th St
Houston, TX 77007

H Lopez Law
Metro Office Park
Lot 11, Suite 105ª
Guaynabo, Puerto Rico 00968

Gloria Turnage
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Gloria Turnage
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

George Hengle
c/o John Scofield
628 E. 9th St
Houston, TX 77007

George Hengle
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Dominique de la Bay
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Dominique de la Bay
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Lori Fitzgerald
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Lori Fitzgerald
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Rose Marie Buchert
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Regina Nolte
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Discover Card
Attn: Bankruptcy Dept
PO Box 3025
New Albany, OH 43054-3025

First National Bank of Omaha
Attn: Bankruptcy Dept
PO Box 3412
Omaha, NE 68103-0412

American Express
Attn: Bankruptcy Dept
PO Box 981535
El Paso, TX 79998-1535

Dowin Coffy
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Dowin Coffy
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Marcella P. Singh
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Marcella P. Singh
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Andrea Scarborough
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Andrea Scarborough
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Earl Browne
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Earl Browne
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Kevin Minor
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Teresa Titus
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Teresa Titus
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Jerry Avent
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Jerry Avent
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Lucinda Gray
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Lucinda Gray
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Anthony Green
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Anthony Green
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Faith Thomas
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Faith Thomas
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Regina Nolte
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Burry Pough
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Burry Pough
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Lisa Martinez
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Lisa Martinez
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Linda Madison
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Linda Madison
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Dennis Geter
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Latanya Tarleton
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Latanya Tarleton
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

JP Morgan Chase Bank NA
Attn: Bankruptcy Dept
PO Box 15298
Wilmington, DE 19850

Rose Marie Buchert
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Sonji Grandy
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Sonji Grandy
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Anastasia Sherman
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Anastasia Sherman
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Dennis Geter
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Keisha Hamm
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Keisha Hamm
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Bank of America
Attn: Bankruptcy Dept
PO Box 982234
El Paso, TX 79998-2234

Anthony Tassone
215 Fulton Ave
St. Charles, IL 60174

Greenberg Traurig, LLP
c/o Jennifer Weddle
1200 17th St
Suite 2400
Denver, CO 80202

Sharon Paavo
c/o John Scofield
628 E. 9th St
Houston, TX 77007

Sharon Paavo
c/o Kelly Guzzo, PLC
3925 Chain Bridge Rd
Suite 202
Fairfax, VA 22030

Martorello 2023 Children's Trust
3805 Greenbrier Dr.
Dallas, TX 75225

BVNT Children's Trust 1
215 Fulton Ave
St. Charles, IL 60174

BVNT Children's Trust 2
215 Fulton Ave
St. Charles, IL 60174

BVNT Childrens, LLC
215 Fulton Ave
St. Charles, IL 60174

GFGP Entity 1, LP
3805 Greenbrier Dr.
Dallas, TX 75225

Kairos Holdings, LLC
3805 Greenbrier Dr.
Dallas, TX 75225

GFLP Entity 1, LP
3805 Greenbrier Dr.
Dallas, TX 75225

Kohl's Credit Card
Attn: Bankruptcy Dept
PO Box 3115
Milwaukee, WI 53201-3115

Sands Anderson PC
c/o Cullen Seltzer
PO Box 1998
Richmond, VA 23218-1998

Capstone
c/o Giordani & Assoc
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Tribal Economic Development, LLC
E23970 Pow Wow Trail
PO Box 692
Watersmeet, MI 49969

Vroom Trust
c/o Giordani & Assoc
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Obsidian LLC
c/o Giordani & Assoc
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Office of Attorney General of the United States
Main Justice Bdlg, Room 5111
10th & Constitutional Ave, N.W.
Washington, D.C. 20530

Internal Revenue Service
1100 Commerce St.
MC 5027DAL
Dallas, Texas 75242

Nutter McClennen & Fish, LLP
c/o Ian Roffman
155 Seaport Blvd
Boston, MA 02210

Tribal Acquisition Company, LLC
E23970 Pow Wow Trail
PO Box 692
Watersmeet, MI 49969

RLM 2018 Family Trust
3805 Greenbrier Dr.
Dallas, TX 75225

Martorello 2018 Children's Trust
3805 Greenbrier Dr.
Dallas, TX 75225

Martorello Investments, LP
3805 Greenbrier Dr.
Dallas, TX 75225

RLM Management Trust
3805 Greenbrier Dr.
Dallas, TX 75225

Braviant Holdings, LLC
306 W Erie St
Suite 300
Office 1
Chicago, IL 60654

SunUp Financial, LLC
306 W Erie St
Suite 300 Office 1
Chicago, IL 60654

Amanda P. Swartz
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201