**Fill in this information to identify your case:**

Debtor 1: Matthew Brandon Martorello
(First Name, Middle Name, Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name, Middle Name, Last Name)

United States Bankruptcy Court for the: Northern District of Texas

Case number (if know): 24-90016-mxm-11

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy  4/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**
- ☒ Married
- ☐ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**
- ☒ No
- ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

**3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)
- ☐ No
- ☒ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H)

### Part 2: Explain the Sources of Your Income

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

- ☐ No
- ☒ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☒ Wages, commissions, bonuses, tips | $ 324,000.00 | ☐ Wages, commissions, bonuses, tips | $ _____ |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For last calendar year:** (January 1 to December 31, 2023) | ☒ Wages, commissions, bonuses, tips | $ 484,586.00 | ☐ Wages, commissions, bonuses, tips | $ _____ |
| | ☐ Operating a business | | ☐ Operating a business | |
| **For the calendar year before that:** (January 1 to December 31, 2022) | ☒ Wages, commissions, bonuses, tips | $ 487,285.00 | ☐ Wages, commissions, bonuses, tips | $ _____ |
| | ☐ Operating a business | | ☐ Operating a business | |

**5. Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☑ Yes. Fill in the details.

| | | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|---|
| | | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | | Eventide and Braviant Salary | $ | | |
| | | | $ 3,324.40 | | |
| | | Interests, Dividends, Distributions | | | |
| **For last calendar year:**<br>(January 1 to December 31, 2023) | | Eventide and Braviant Salary | $ | | |
| | | | $ 407,515.82 | | |
| | | Interests, Dividends, Distributions | | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2022) | | Eventide and Braviant Salary | $ | | |
| | | | $ 585,631.70 | | |
| | | Interests, Dividends, Distributions | | | |

---

**Part 3:** **List Certain Payments You Made Before You Filed for Bankruptcy**

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☑ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

　During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

　☐ No. Go to line 7.

　☑ Yes. List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

　* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
　During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

　☐ No. Go to line 7.

　☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for… |
|---|---|---|---|---|
| **Citibank**<br>Creditor's Name<br>**Bankruptcy Dep**<br>Number　Street<br>**PO Box 790034**<br><br>**Saint Louis MO　63179**<br>City　State　ZIP Code | 09/20/2024<br>08/12/2024<br>07/25/2024<br>07/17/2024<br>07/09/2024<br>06/25/2024<br>06/24/2024<br>08/12/2024 | $ 44,095.76 | $ 42,006.61 | ☐ Mortgage<br>☐ Car<br>☑ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☐ Other _____ |

| Creditor | Date | Total amount paid | Amount still owed | Type |
|---|---|---|---|---|
| **David French & Assoc**<br>609 Castle Ridge Rd Ste 445<br>Austin TX 78746 | 09/10/2024 | $ 28,733.00 | $ Unknown | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☑ Other **CPA Services and Tax Returns** |
| **Galloway v. Martorello QSF**<br>P.O. Box 23489<br>Jacksonville FL 32241 | 06/28/2024 | $ 50,000.00 | $ 0.00 | ☐ Mortgage<br>☐ Car<br>☐ Credit card<br>☐ Loan repayment<br>☐ Suppliers or vendors<br>☑ Other ____ |

**7. Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?** *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☐ No.
☑ Yes. List all payments to an insider.

| Creditor | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| **Alexis Morris**<br>3861 Gaspar Dr<br>Dallas TX 75220 | | $ Unknown | $ 0.00 | **See Gift Section, mortgage payment forbearance. One year of payments would approximate $9240.** |

**8. Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No.
☐ Yes. List all payments that benefited an insider.

### Part 4: Identify Legal Actions, Repossessions, and Foreclosures

**9. Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title:<br>Duggan v. Martorello, et al.<br>Case number:<br>1:18-cv-12277-JGD | Application of usury law dispute, and extension of potential liability, regarding a loan originated by a tribal lender on its reservation where borrower online was in Massachusetts.;<br>Date filed: 10/31/2018 | US District Court - Massachusetts<br>Court Name<br>1 Courthouse Way Suite 2300<br>Boston MA 02210 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor  Matthew Brandon Martorello    Case number (if known) 24-90016-mxm-11

| Case title / number | Nature | Court | Status |
|---|---|---|---|
| Smith v. Martorello, et al<br>Case number: 3:18-cv-01651-AR | Application of usury law dispute, and extension of potential liability, regarding a loan originated by a tribal lender on its reservation where borrower online was in Oregon.; Date filed: 09/11/2018 | US District Court - Oregon<br>1000 Southwest 3rd Ave<br>Portland OR 97204-2944 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Matthew Martorello, et al v The Summit Investment Group, LLC, et al<br>Case number: 3:22-cv-01602-CVR | Defendants sold securities without a license, and misinformed buyers about the securities. Defendants filed counterclaims for commissions.; Date filed: 12/05/2022 | US District Court- Puerto Rico<br>300 Recinto Sur St Suite 325<br>San Juan PR 00901 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Williams v. Big Picture Loans, LLC<br>Case number: 3:17-cv-461-REP | Dispute regarding applicable usury law, and extension of potential liability, regarding loans originated by a tribal lender on its reservation where involving borrowers online in Virginia. Virginia consumer class action, borrowers from 6/22/2013 - 12/20/2019.; Date filed: 06/22/2017 | US District Court - Eastern District of Virginia<br>701 E Broad Street<br>Richmond VA 23219 | ☐ Pending<br>☑ On appeal<br>☐ Concluded |
| Big Picture Loans, LLC v Matt Martorello, et al<br>Case number: 24-cv-05 | BPL sued Eventide's legal representative law firms, and the lawyers personally, and Debtor as Manager of Eventide alleging that BPL's lawyers were defrauded by the Eventide agents when they asserted rulings in Virginia constituted a material adverse effect under the terms of a Loan and Security Agreement; Date filed: 08/27/2024 | Lac Vieux Desert Band - Tribal Court<br>E23968 Pow Wow Trail PO Box 39<br>Watersmeet MI 49969 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Galloway et al v. Big Picture Loans, LLC et al<br>Case number: 3:18-cv-00406-REP | Application of usury law dispute, and extension of potential liability, regarding loans originated by a tribal lender on its reservation involving certain online borrowers.; Date filed: 06/11/2018 | US District Court - Eastern District of Virginia<br>701 East Broad Street<br>Richmond VA 23219 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

### Part 5: List Certain Gifts and Contributions

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☐ No
☑ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Alexis Morris<br>Person to Whom You Gave the Gift<br>3861 Gaspar Dr<br>Number    Street<br>Dallas TX    75220<br>City    State    ZIP Code<br>Person's relationship to you  sister | 776.01 in mortgage payment forgiveness since hardship estimated in 2020, paid principal off 5/16/24. 776.01 * 24 months = stated value. Date given is the start of the 2 year period. | 09/20/2022 | $ 18,624.24 |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☐ No
☑ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| Episcopal School of Dallas Fund<br>Charity's Name<br>ESD Boost<br>Number    Street<br>Dallas TX    75229<br>City    State    ZIP Code | Donation to ESD Booster Club | 10/24/2022 | $ 1,000.00 |
| Episcopal School of Dallas Fund<br>Charity's Name<br>ESD Fund<br>Number    Street<br>Dallas TX    75229<br>City    State    ZIP Code | School General Fund | 10/24/2022 | $ 2,500.00 |

## Part 6: List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

## Part 7: List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Vida Law Firm<br>Person Who Was Paid<br>3000 Central Dr<br>Number    Street<br>Bedford TX    76021<br>City    State    ZIP Code<br>https://www.vida-law.com/<br>Email or website address<br><br>Person Who Made the Payment, if Not You | Money. Also $10 via Venmo. $8400 was invoiced 3/18/2024 but $6840 was paid 3/21/24. Unclear as to difference. | 3/21/2024<br>1/5/2024 | $ 6,840.00<br>$ 6,840.00 |

| Person Who Was Paid | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Meadows Collier<br>901 Main St<br>Ste 3700<br>Dallas TX 75202<br>https://www.meadowscollier.com/<br>Person Who Made the Payment, if Not You: | Cash | 03/13/2024<br>09/09/2024 | $ 937.50<br>$ 187.50 |
| Vida Law Firm<br>3000 Central Dr<br>Bedford TX 76021<br>https://www.vida-law.com/<br>Person Who Made the Payment, if Not You: Rebecca Martorello (Spouse) | Paid invoice | 11/06/2023 | $ 6,100.00<br>$ |
| Winikka Law PLLC<br>6060 North Central Expressway<br>Suite 500<br>Dallas TX 75206<br>Person Who Made the Payment, if Not You: | | 01/19/2024<br>02/23/2024 | $ 9,281.25<br>$ 12,825.00 |
| Winikka Law PLLC<br>6060 North Central Expressway<br>Suite 500<br>Dallas 75206<br>Person Who Made the Payment, if Not You: | | 04/15/2024<br>08/20/2024 | $ 3,543.75<br>$ 14,512.50 |

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Winikka Law PLLC<br>Person Who Was Paid<br>6060 North Central Expressway<br>Number    Street<br>Suite 500<br><br>Dallas TX    75206<br>City    State    ZIP Code<br><br>Email or website address<br><br>Person Who Made the Payment, if Not You | | 09/10/2024<br>09/20/2024 | $ 51,300.00<br>$ 19,068.75 |

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Rebecca Martorello<br>Person Who Received Transfer<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code<br><br>Person's relationship to you  Spouse | 2011 Mercedes Benz ML 350 for trade-in credit on new car purchase (estimated 10k), $10,000.00 | none | 12/31/2022 |
| Rebecca Martorello<br>Person Who Received Transfer<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code<br><br>Person's relationship to you  Spouse | Assigned Debtor's undivided one-half interest in his homestead | | 08/14/2023 |
| Rebecca Martorello<br>Person Who Received Transfer<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code<br><br>Person's relationship to you  Spouse | Car Purchase, $66,534.71 | | 12/31/2022 |

**19.** Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called asset-protection devices.)

☐ No
☑ Yes. Fill in the details.

| | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|
| Name of trust  Matthew B Martorello Management Trust - Revocable | $10 and Pour Over Will at Death and manage Debtor's estate if he becomes incapacitated, $10.00 | 07/16/2018 |

---

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

**20.** Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
☐ Yes. Fill in the details.

**21.** Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

☑ No
☐ Yes. Fill in the details.

**22.** Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy

☐ No
☑ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Extra Space<br>Name of Storage Facility<br>4920 McKinney Ave<br>Number    Street<br>Dallas TX    75205<br>City    State    ZIP Code | Rebecca Martorello<br>Name<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75205<br>City    State    ZIP Code | (Storage unit 1 items -- kids items, maternity clothing, misc household goods, carpet or rugs, furniture, certain nominal art works)., $500.00 | ☐ No<br>☑ Yes |
| Public Storage<br>Name of Storage Facility<br>2439 Swiss Ave<br>Number    Street<br>Dallas TX    75204<br>City    State    ZIP Code | Rebecca Martorello<br>Name<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code | (Storage unit 2 items -- kids items, maternity clothing, misc household goods, carpet or rugs, furniture, certain nominal art works)., $500.00 | ☐ No<br>☑ Yes |

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

**23.** Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☐ No
☑ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| BWH Texas, LLC<br>Owner's Name<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code | <br>Number    Street<br>TX<br>City    State    ZIP Code | In the storage units listed herein, there could be some artwork items in there which belong to BWH Texas, LLC estate. The belongs in storage could also be owned by Debtor's Spouse or children. | $ Unknown |
| Martorello Son 1<br>Owner's Name<br>3805 Greenbrier Dr<br>Number    Street<br>Dallas TX    75225<br>City    State    ZIP Code | One Chase Manhattan Plaza<br>Number    Street<br>New York    10005<br>City    State    ZIP Code | Child UTMA account - Fidelity (Son 1) | $ 36,602.38 |

| Owner's Name | | Account Description | Amount |
|---|---|---|---|
| Martorello Son 2 | One Chase Manhattan Plaza | Child UTMA Account - Fidelity (Son 2) | $ 36,601.18 |
| 3805 Greenbrier Dr | | | |
| Dallas TX 75225 | New York NY 10005 | | |
| Martorello Son 3 | One Chase Manhattan Plaza | Child UTMA account - Fidelity (Son 3) | $ 2,253.78 |
| 3805 Greenbrier Dr | | | |
| Dallas TX 75225 | New York 10005 | | |
| Martorello Son 2 | 5550 Preston Rd | Child UTMA account - Tolleson (Son 2) | $ 3,592.55 |
| 3805 Greenbrier Dr | | | |
| Dallas TX 75225 | Dallas TX 75205 | | |
| Martorello Son 1 | 5550 Preston Rd | Child UTMA account - Tolleson (Son 1) | $ 1,412.24 |
| 3805 Greenbrier Dr | | | |
| Dallas TX 75225 | Dallas TX 75205 | | |

## Part 10: Give Details About Environmental Information

**For the purpose of Part 10, the following definitions apply:**

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

**Report all notices, releases, and proceedings that you know about, regardless of when they occurred.**

**24.** Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

- [x] No
- [ ] Yes. Fill in the details.

**25.** Have you notified any governmental unit of any release of hazardous material?

- [x] No
- [ ] Yes. Fill in the details.

**26.** Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

- [x] No
- [ ] Yes. Fill in the details.

## Part 11: Give Details About Your Business or Connections to Any Business

**27.** Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

- [ ] A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
- [x] A member of a limited liability company (LLC) or limited liability partnership (LLP)
- [x] A partner in a partnership
- [ ] An officer, director, or managing executive of a corporation
- [ ] An owner of at least 5% of the voting or equity securities of a corporation
- [ ] No. None of the above applies. Go to Part 12.
- [x] Yes. Check all that apply above and fill in the details below for each business.

Debtor __Matthew Brandon Martorello__  Case number *(if known)* __24-90016-mxm-11__
First Name  Middle Name  Last Name

| Business Name / Address | Describe the nature of the business / Name of accountant or bookkeeper | EIN / Dates business existed |
|---|---|---|
| **GFGP Entity I, LP** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | GP share in a real estate development project. Project was foreclosed on by the bank in '24 and equity wiped out.<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 82–6403333<br>**Dates business existed**<br>From 03/08/2018  To Current |
| **GFLP Entity 1, LP** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | LP share in a real estate development project. Project was foreclosed on by the bank in '24 and equity wiped out.<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 82–4676347<br>**Dates business existed**<br>From 03/08/2018  To Current |
| **New Summit, LLC** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | 100% owner. Holding entity for Jet Business Loans, LLC ownership, a non-operating business which hopes for recovery from an approximate $700k uncollectible debt and that debtor's claims being executed by one of its third-party vendors.<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 82–1955075<br>**Dates business existed**<br>From 02/14/2014  To Current |
| **Gallant Distributions, LLC** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | Inactive. Bank balance $43.77.<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 38–4091428<br>**Dates business existed**<br>From 08/01/2018  To Current |
| **Liont, LLC** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | LLC management company. The entity is owed indemnity and $115,544.46 from Eventide. It owns very small interests in two restaurants. It owns a 50% stake in a LLC holding entity that raised capital for investment into a venture fund where said entity may earn a performance fee, and it has approximately $17k in cash.<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 47–2787220<br>**Dates business existed**<br>From 01/14/2015  To Current |
| **Gallant Capital, LLC** — Business Name<br>3805 Greenbrier Dr<br>Dallas TX  75225 | Owner of 25.5% of Eventide Credit Acquisitions, LLC. Indemnitee of Eventide, creditor of Eventide. Owned minority non-controlling interests in LLCs formed to launch a credit fund which never launched and were terminated. But still owns a 45% minority non-controlling interest in the LLC owning the name (though not operating).<br>**Name of accountant or bookkeeper**: David French & Assoc | **EIN:** 47–4219459<br>**Dates business existed**<br>From 06/08/2015  To Current |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

## Part 12: Sign Below

**I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

✖ /s/ Matthew Brandon Martorello                  ✖ _____
Signature of Debtor 1                                Signature of Debtor 2

Date  10/23/2024                                   Date  _____

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____  Attach the Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).

**MATTHEW BRANDON MARTORELLO, CASE 24-90016-MXM-11**

**GENERAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULE OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

On September 20, 2024, (the "Petition Date"), Matthew Brandon Martorello (the "Debtor") commenced his case under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), Case No. 24-90016-mxm-11. The Debtor is authorized to manage his property as debtor-in-possession pursuant to section 1107(a) of the Bankruptcy Code.

**OVERVIEW OF GENERAL NOTES**

The Debtor has herewith filed his Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("Statements"). These General Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Debtor's Schedules and Statements (the "General Notes") relate to the Debtor's Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These General Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements**. The General Notes are in addition to any specific notes contained in the Debtor's Schedules or Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of any rights or claims of the Debtor against any third party, or in or with respect to any aspect of the chapter 11 case.

The Schedules and Statements have been prepared, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by the Debtor with the assistance of his counsel. While the Debtor has made reasonable efforts to ensure that the Schedules and Statements are accurate and as complete as possible based on information that was available to him at the time of preparation, given the complexity and substantial business interests of the Debtor over the years and the complexity of the multiple litigation claims, subsequent information or discovery could provide more information about the items identified in the Schedules and Statements, and inadvertent errors or omissions may have occurred.

The Debtor is the Manager of Eventide Credit Acquisitions, LLC ("Eventide") and the President of Liont LLC, the Manager for BWH Texas, LLC ("BWH"). Eventide and BWH are both debtors and debtors in possession in this Court, jointly administered under Case 23-90007-mxm-11.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtor's rights with respect to the chapter 11 cases.

**Matthew Martorello: Schedules and Statements Global Notes**

    1.    <u>Amendment.</u> Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements. Despite these efforts, inadvertent errors or omissions may exist. The Debtor reserves all rights to, but are not required to, amend or supplement, or both, the Schedules and Statements from time to time as is necessary and appropriate.

    2.    <u>Recharacterization.</u> The Debtor has made reasonable efforts to correctly characterize, classify, categorize, and designate assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtor may have improperly characterized, classified, categorized, or designated certain items. The Debtor thus

reserves all of rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available.

3. <u>Causes of Action.</u> Despite the reasonable efforts to identify all known assets, the Debtor may not have listed all the causes of action or potential causes of action against third parties as assets in its Schedules and Statements. The Debtor reserves rights with respect to any claims or causes of action he may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

4. <u>Claim Description.</u> Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim or amount is not "contingent," unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on these Schedules on any grounds, including, without limitation, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtor reserves all rights to, but are not required to, amend the Schedules and Statements as necessary and appropriate, including modifying claims descriptions and designations.

5. <u>Unliquidated Claim Amounts.</u> Claim amounts that could not be readily quantified by the Debtor are scheduled as "unliquidated." To the extent the Debtor is able to ascertain or estimate all or a portion of the claim amounts, he may have listed the known or estimated claim amount and marked the claims as unliquidated, pending final resolution of outstanding issues necessary to determine the total claim amount with certainty.

6. <u>Totals.</u> All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "undetermined" or "unliquidated." To the extent that there are undetermined or unliquidated amounts, the actual totals may be materially different from the listed totals.

**Specific Disclosures with Respect to the Debtor's Schedules**

7. <u>Schedule A/B.</u> Bank account balances are as of the petition filing on September 20, 2024 in all cases but one, which could differ from the reported value by an estimated tens of dollars or less. With respect to tax refunds owed, the Debtor has noted an unused NOL Carryforward on item 28. The amount of the NOL Carryforward is $19,985,324. The value, however, is listed as unknown as it is unclear whether it could ever be monetized.

The Debtor's family residence at 3805 Greenbriar Drive is titled solely in name of the Debtor's spouse, and the Debtor therefore has not listed it as his asset. The Debtor, however, asserts a homestead exemption in whatever equitable or other interest he has or may later be determined to have in that home.

The Debtor owns 100% of Liont LLC. Liont LLC owns a computer, printer and home office furniture. Liont owns legal title to those items, but the Debtor uses those items both for Liont business and for personal matters and has listed those items as business-related property in which the Debtor could be said to have an equitable interest.

The Debtor and his spouse have had separate property agreements pursuant to a pre-nuptial agreement established in March 2012, and amended and restated as recently as 2018 upon their relocation to Texas, and they maintain their property separately. Pursuant to their agreements,

they have no community property.

The Debtor's membership at Trinity Forest Golf Club is frozen and no payments have been made or will be required. The Debtor does not know the redemption value, but believes it would have allotted a 20 to 25% recovery based on the value at the time of purchase (less than $50k), though it has substantially decreased in value since his purchase.

In litigation pending in the Eastern District of Virginia, *Williams v. Big Picture Loans, LLC et al.* Case 3:17-cv-461-REP, the consumer borrower plaintiffs filed a Motion to Repatriate Foreign Assets, seeking an "accounting of all foreign assets, directly or indirectly, owned, controlled, managed, transferred by, or affiliated with Mr. Martorello; and delivery of all such assets to the registry of this Court or to an escrow account maintained and established by a third-party" to facilitate collection on a judgment against the Debtor. The Debtor opposed that motion. The court in Virginia has not considered the motion. In 2010, the Debtor, through his counsel, and Guardian Trust Corporation as trustee, settled a Cook Islands irrevocable spendthrift discretionary trust (the "Bluetech Trust"). Guardian Trust Corporation was a subsidiary of a large and reputable international trust management company, duly licensed in the Cook Islands. The Debtor's mother and siblings were the beneficiaries. In 2013, the Guardian Trust Corporation settled a Nevis irrevocable discretionary spendthrift trust (the "Capstone Trust"). Bluetech was the sole beneficiary of the Capstone Trust and the trustee for the Capstone Trust was Asiatrust Nevis Limited. The Debtor has not made any contributions to Bluetech since 2013. The Bluetech Trust's corpus stemmed not from the Debtor, but almost entirely from the Bluetech Trust's ownership distributions from a holding company over several businesses, which the Debtor also owned in part and managed. The Debtor has never made any contributions to the Capstone Trust. The Capstone Trust was amended and restated in 2018, and the Debtor's spouse and three children became the direct beneficiaries rather than Bluetech. The Bluetech Trust and the Capstone Trust are both foreign trusts pursuant to section 7701(a)(31) of the Internal Revenue Code and grantor trusts pursuant to section 679 of the Internal Revenue Code. As "grantor trusts" Matt is deemed the "tax owner" of each trust for U.S. tax purposes, even though he has no control over, and is not a beneficiary of, either trust. As the U.S. tax owner, Matt is responsible for reporting the trusts' assets, income and transfers to the IRS. The consumer borrower plaintiffs in the *Williams* case assert that all these assets that Matt is required to report as the "tax owner" should be available to pay their judgment against the Debtor, which payment the Debtor could effectuate under threat of contempt and imprisonment, and that the Bluetech and Capstone trusts are de-facto self-settled trusts. The Debtor disputes that the assets of the Capstone Trust (the Bluetech Trust was terminated in 2023) or similarly characterized trusts (or entities owned by such trusts)—which are reported on the Debtor's tax returns because the Debtor or his spouse is the "tax owner"—are his assets or that he has any legal or equitable interest in those assets, nor any rights or authority to access, transmit or send those assets to this estate, and is therefore not listing the assets of such trusts on his Schedules or as self-settled. Because the *Williams* plaintiffs assert otherwise, however, the Capstone Trust assets and those of similarly situated trusts (or entities owned by such trusts) are, under *Brown v. Chestnut (In re Chestnut),* 422 F.3d 298, 301 (5th Cir. 2005), arguably property of the Debtor's estate and thus the automatic stay unquestionably applies to any attempts to collect or exercise control over those assets, which the *Williams* plaintiffs have asserted are in fact property of the Debtor's estate. This Court, exercising its exclusive jurisdiction over property of the estate, will likely need to resolve this dispute and enforce the automatic stay against stated intentions to violate the stay by pursuing the control over and recovery of these assets elsewhere.

The Debtor has listed a possible fraudulent conveyance action relating to his prior ownership of

shares in a private, regulated company (the "Regulated Company") that has become very successful. The substance of the claim stems from a commonplace estate planning effort to enable the equity in the Regulated Company to grow free from federal estate tax for the benefit of the Debtor's descendants. The Debtor's shares, held through a Texas limited partnership in which the Debtor initially held 100% of the limited partner and general partner interests, were sold in 2018 (via a transfer of limited partner interests) to Texas trusts in exchange for two promissory notes, which currently aggregate a little over $20 million and are the Debtor's primary asset in this case along with his rights to indemnity from Eventide. The Debtor had been a trustee for those trusts in some periods past, but no longer controls those trusts and was never a beneficiary of those trusts. Substantial payments had been made on the notes prior to October 2021 when the note was restructured to address the impacts on the Regulated Company that occurred because of the pandemic, increasing inflation and lost markets due to regulatory changes. The maturity date on the notes is now 9/30/41 and the notes pay IRS AFR (at that time 1.74%) with all interest and principal deferred to maturity. In 2022, the Regulated Company entered negotiations with a third-party purchaser for a sale of the shares in stages at a valuation of over $100 million. In connection with that potential transaction, the purchaser required that a new sister trust and LLC be formed, and the shares be transferred to the new structure to help insulate the Regulated Company from licensing risks considering the pending litigation against the Debtor. The new sister trust and LLC committed to transfer cash inflows from the shares to the original trust and obligor on the notes for purposes of paying the notes. Shortly before the anticipated consummation of that deal, however, inflation spiked, the Yen crashed and the global corporation shut down all acquisitions. In January 2024, the consumer borrower plaintiffs in *Williams v. Big Picture Loans, LLC et al*. Case 3:17-cv-461-REP, pending in Eastern District of Virginia, filed a motion seeking to set aside the Debtor's transfer of the Regulated Company shares. Before any response to that motion was due, however, the Debtor and the consumer borrower plaintiffs entered into a contingent, global settlement relating to the Debtor's potential liability to consumers nationwide that obtained loans from the LVD Tribe through May 1, 2024, which settlement provided for a stay of all litigation pending the process for determining if the required funding for the settlement could be accomplished. The Debtor does not believe there is any merit to this potential fraudulent transfer claim given, among other things, the third-party valuations of the shares, the notes, and the Debtor's solvency that were done for purposes of the transfer and the time period in which it occurred. More importantly, though, pursuit of the potential fraudulent transfer claim relating to the Debtor's transfer of the shares could severely risk both the value of the estate's assets and the value of the Regulated Company given the licensing requirements and approvals required by the highly regulated bank partners of the Regulated Company that are necessary for greater than 10% owners. Unwinding the transaction to bring the shares into the Debtor's estate could create a major licensing and regulatory challenge for the Regulated Company, possibly collapsing the value of the shares and thereby the value of the Debtor's notes.

8. <u>Schedule F: Creditors Holding Unsecured Non-Priority Claims.</u> The inclusion of any litigation in these Schedules and Statements does not constitute an admission by the Debtor of liability, the validity of any action, or the amount or treatment of any claims, defenses, counterclaims, or cross-claims or the amount or treatment of any potential claim resulting from any current or future litigation.

9. <u>Schedule G: Executory Contracts and Unexpired Leases.</u> The Debtor hereby reserves the right to dispute the validity, status, or enforceability of any contracts, agreements or

leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Nothing herein shall be construed as a concession or evidence that any of the contracts, agreements or leases identified on Schedule G: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect. The Debtor reserves the rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction or document.

10. <u>Schedules I/J.</u> The Debtor's spouse is paying family living expenses and has paid their various and separate litigation fees, including the prepetition payment of the $150,000 retainer to Winikka Law PLLC and a post-petition payment of a $200,000 retainer to Meadows Collier for their joint representation of the Debtor and his spouse. Any stub period accounts payable (invoices for a service period that includes in part a prepetition period) from various utilities and related subscription or service providers at the time of the bankruptcy filing were paid by the Debtor's spouse to maintain such services for their collective benefit. Accordingly, those service providers do not have prepetition claims against the Debtor. These service providers include: AT&T, Terminix, Atmos Energy, Change4Electric, University Park gas, waste and trash services, pool care, Netflix and related subscriptions and lawn care provider Opulent Gardens, Park House and Equinox memberships (spouse). The Debtor's spouse also recently paid in full for home insurance (6 months) and auto and umbrella insurance (annual) and is paying the Debtor's automobile loan payments. Prior to the petition date, the Debtor paid for his kids' school tuition for the full school year and has paid his CPA for his bookkeeping and tax requirements and filings (via retainer). Family health insurance through the Debtor's employer is currently being deducted from the Debtor's salary. The Debtor ceased all 401(k) payment withdrawals from his W2 salary upon filing his bankruptcy petition.

**Specific Disclosures with Respect to the Debtor's Statements**

11. <u>Question 4: Income from Employment</u>. The Debtor has included his accrued salary of $40,000 a month from Eventide Credit Acquisitions, LLC. Eventide, however, has not paid the Debtor's salary since September 2023 when it filed for relief under chapter 11 of the Bankruptcy Code.

12. <u>Question 5: Other Income</u>. Although not income, since September 2023, when the Debtor's salary and indemnity rights from Eventide were cut off by Big Picture Loan LLC's default on its debt obligations to Eventide, the Debtor has borrowed approximately $1,495,592 from his spouse through 25 transactions, for litigation and ordinary living expenses. Of that amount, $250,000 was documented as a Note, and the remainder subject to agreement for identical treatment. Until September 2023, the Debtor had funded family expenses, including paying his spouse's credit card in the ordinary course. After September 2023, the Debtor's spouse began paying her own credit card and the loans from his spouse ensued.

13. <u>Question 23: Property Held in Trust for Others</u>. The filing of the Debtor's petition caused the removal of the Debtor from his position as trustee over the following trusts and managership of their subsidiaries: the Martorello 2018 Children's Trust, the RLM Management Trust, the RLM 2018 Family Trust, and the Martorello 2023 Children's Trust. The Debtor's AGI reporting will not match tax reporting due to differences between legal ownership, tax ownership and joint filings.