# EXHIBIT F

Daniel P. Winikka (State Bar No. 00794873)
**WINIKKA LAW PLLC**
6060 N. Central Expressway, Suite 500
Dallas, TX 75206
Phone: 469-384-7710
Facsimile 469-384-7709
dan@danwinlaw.com

COUNSEL FOR DEBTOR IN POSSESSION

Craig F. Simon (State Bar No. 00784968)
**MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP**
901 Main Street, Suite 3700
Dallas, TX 75202
Phone:  214-744-3700
Facsimile:  (214) 292-2356
csimon@meadowscollier.com

PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| MATTHEW BRANDON MARTORELLO, | § § § | Case No. 24-90016-mxm-11 |
| Debtor. | § § § § | |

**DEBTOR'S AMENDED[1] EMERGENCY MOTION FOR AN ORDER
ENFORCING THE AUTOMATIC STAY**

**Emergency relief has been requested.  Relief is requested not later than 5:00 p.m. on November 1, 2024.  If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November __, at _____ in Room  128, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas  76102.  You may participate in the hearing either in person or via WebEx and/or telephonic participation.   Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page. The meeting code is 474 603 746. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] A blackline showing changes from the motion as originally filed is attached as Exhibit F.

1

Matthew Brandon Martorello, the above-captioned debtor in possession (the "Debtor"), files this *Motion for an Order Enforcing the Automatic Stay* (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding, and venue for this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

2. On September 20, 2024, the Debtor filed his voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor remains in possession of his property as a debtor in possession pursuant to section 1107 of the Bankruptcy Code.

4. No creditors' committee has been appointed in this case.

## RELEVANT FACTS

5. As set forth in Debtor's Statement Regarding Commencement of Chapter 11 Case (DKT 6), this chapter 11 proceeding was necessitated, in part, to provide closure with regards to claims brought by (or which may be brought by) consumers across the country. Those consumers obtained loans from a federally recognized Indian tribe and allege that the Debtor's support thereof constituted a violation of state usury laws, and in turn other state laws and therefore RICO.[2]

---

[2] Lawsuits have been filed against the Debtor in federal courts beginning on June 22, 2017 and through 2023, in Oregon, Massachusetts, Georgia, Illinois, Indiana, two lawsuits in California and three lawsuits in Virginia. While five were dismissed early on, the others are pending. Should the remaining claims be valid, then consumers in dozens of additional states could also have claims.

2

6.     The Debtor filed this case in part intending (if necessary) to provide one centralized forum in which to adjudicate the consumer claims, alongside Eventide, where claims from numerous states have already been filed and where Eventide has filed a thorough claim objection in response.  This Court provides all claimant borrowers (and all other creditors) both efficiency and a level playing field.  The Debtor also filed this case to expeditiously address certain substantial IRS tax penalties, the filing of a frivolous lawsuit against the Debtor in tribal court, and to ensure his fresh start -- through possible findings or other actions to address any potential liability that the Debtor could have for the tribe's lending after the period covered by the currently pending litigation.

7.     Certain of the consumer lawsuits are pending in the Eastern District of Virginia (although Virginia borrowers constitute only about 3% of the federally recognized Indian tribe's borrowers nationwide), including the first lawsuit, Civil Action No. 3:17-cv-00461 styled *Williams v. Big Picture Loans, et al.)* (the "Williams Action").  The consumers in the Williams Action (the "Virginia Judgment Class") are a subset of Virginia consumers who borrowed from the tribe between June 22, 2013 and December 20, 2019.  The Virginia consumers in the Williams Action have a judgment, which is fully briefed on appeal at the Fourth Circuit.  The Debtor is the only remaining defendant in the Williams Action.

8.     On the Petition Date, the Debtor filed a Notice of Suggestion of Bankruptcy in each pending litigation matter against him, including in the Williams Action and in all pending matters in the Eastern District of Virginia.

9.     On October 18, 2024, ~~following a hearing,~~ the Eastern District of Virginia federal court conducted a hearing and ~~, Judge Payne presiding,~~ issued two orders (the "Orders") in two cases in which the Debtor is a defendant.  A copy of each order is attached hereto collectively as

3

Exhibit A. The transcript from that hearing is attached hereto as Exhibit B.

10. Both Orders were entered in the Williams Action. Notwithstanding the pending Settlement Agreement, the first order titled "Order Regarding Procedures for Settlement Conference," (the "Williams Order") requires the Debtor to be personally present at a mediation with "full authority" to settle with the Virginia Judgment Class at the value of their last demand, under the threat of sanctions. Specifically, the Williams Order requires a mediation on November 13, 2014, states that any individual named party "must be personally present" with counsel and with "full authority to settle this action . . . up to the value of the last demand by the Plaintiff(s)." Williams Order at ¶¶ 1(a) and 1(b). The Williams Order states that the failure of the Debtor to do so "may result in the imposition of sanctions . . . " *Id.* at ¶ 1(c).

11. The Williams Order also requires that by November 3, 2024, the parties must each submit an "ex parte memorandum to the Court setting forth that party's position and include the following topics: . . . overview of the basic allegations, defenses and relevant facts, . . . realistic assessment of the strengths and weaknesses of each party's position; [a] summary of settlement discussions to date; [and] [a] statement of settlement expectations (to include settlement offers(s))." This deadline is referred to herein as the "November 3 briefing deadline."

12. The second order (the "Galloway Order") was also filed in the *Williams* Action as well as in the *Galloway I* case (Civil Action No. 3:18cv406) in which the Debtor is also the only remaining Defendant and the *Galloway II* case (Civil Action No. 3:19cv314) in which the Debtor is not a defendant but Eventide Acquisitions, LLC and BWH Texas, LLC (both also debtors in this Court) are defendants along with the Debtor's wife. The Galloway Order required the following:

- The plaintiffs were ordered to file two motions by October 25, 2024, both of which seek to recover either a transfer the Debtor made or assets that are allegedly at the Debtor's disposal to satisfy the Virginia judgment.

4

- These two motions had been filed in the Williams Action as part of the plaintiffs' efforts to collect on the judgment against the Debtor that is on appeal, but were later stayed or withdrawn when the parties reached a contingent global settlement agreement.

- The plaintiffs were ordered, before November 13, 2024, to file "such motions respecting lifting the automatic stay of proceedings and other motions as they shall be advised so as to best assure the advancement of these cases unobstructed by the Matthew Martorello Bankruptcy Case."

- The Debtor's counsel was ordered to appear at a status hearing in the courtroom on November 15, 2024.

- Counsel was required to "file an agenda addressing the proposed scheduling of depositions and any proposals for moving this action forward."

13.     While requiring these actions, the Galloway Order also ordered the deadline for funding in the contingent global settlement be extended to November 13, 2024 "to allow for possible amendment of the Settlement Agreement and to allow time for counsel for the Plaintiffs to take other steps to allow these actions to move forward."

14.     In effect, the Galloway Order purports to modify the contingent global settlement to extend timelines, and at the same time nullify the stay of all actions by requiring the Plaintiffs to file motions relating to a transfer the Debtor made and assets the plaintiffs previously alleged were available to satisfy their judgment against the Debtor. The Galloway Order also requires the Debtor to have counsel at a November 15 hearing.

15.     On October 24, 2024, after reviewing the Orders and the transcript from the October 18 hearing, Debtor's counsel sent counsel for plaintiffs in the Williams and Galloway actions a letter (the "Stay Violation Letter"). The letter informed plaintiffs' counsel that they have an affirmative duty to take steps to ensure that the automatic stay is not violated. *See Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529-32 (E.D. Va. 2014) (affirming bankruptcy court's conclusion that creditor and creditor's counsel willfully violated the automatic stay by failing to take affirmative action to request that a court cancel a status hearing after the court had *sua sponte* ordered a status

5

conference in a pre-bankruptcy proceeding against the debtor). The Stay Violation Letter informed plaintiffs' counsel that the Debtor would not seek sanctions for violation of the automatic stay if counsel agreed to request that Judge Payne substantially modify both Orders so that the violations of the automatic stay do not continue. A copy of the Stay Violation Letter is attached hereto as Exhibit C.

16. Counsel for plaintiffs and counsel for the Debtor had a conference call to discuss the Stay Violation Letter on October 25, 2024. Plaintiffs' counsel explained that they largely agreed with the letter, and with respect to the Williams Order specifically believed that it may have been intended to be entered in the Galloway II case in which the Debtor is not a defendant. Accordingly, plaintiffs' counsel agreed to file a consent motion seeking to have the Williams Order vacated and filed only in Galloway II. The plaintiffs filed a motion to vacate the Williams order that same day. A copy of that motion is attached hereto as Exhibit D.

17. With respect to the Galloway Order, and the requirement that motions be filed to seek to recover transfers the Debtor made or assets that are allegedly available to the Debtor to pay the Virginia judgment, plaintiffs' counsel indicated that they were not going to file the motions required but rather some form of motion to freeze the Debtor's wife's assets (she is a defendant in the Galloway II case) and would share the draft motion before it was filed to allow the Debtor to inform them whether the Debtor would take the position that the motion would violate the automatic stay. The plaintiffs requested and obtained an extension of the October 25 filing deadline until November 8 and indicated that they would continue to work with Debtor's counsel to resolve potential stay violation issues. The following Monday, October 28, Debtor's counsel reached out to plaintiffs' counsel about addressing the fact that the Galloway Order required Debtor's counsel to appear at a November 15 hearing. On October 29, 2024, the Virginia plaintiffs'

6

counsel position changed. They have now expressed the view that it should be up to the Debtor's counsel to address that stay violation.

18.     The following day, October 30, the law clerk for Judge Payne sent an email to plaintiffs' counsel, the Debtor's bankruptcy counsel, the Debtor's litigation counsel in Galloway I, and the Debtor's wife's counsel (but not the Debtor's admitted attorneys in Williams Action), stating that the Court was reaching out to set a conference call to discuss the Consent Motion to Vacate the Williams Order the plaintiffs had filed and that the Court was scheduling the conference for Monday November 4, 2024. That conference would be the fourth conference involving the Debtor that the Eastern District of Virginia Court ~~Judge Payne~~ has required~~ordered~~ since the filing of this bankruptcy case. At that point, it became clear that the Virginia Court was not going to vacate the Williams Order before the November 3 briefing deadline in the Williams Order referenced in paragraph 10 above.

19.     Accordingly, without immediate relief from this Court, the Debtor will be forced to either engage in briefing for a mediation in Virginia in violation of the automatic stay or run the risk he could be held in contempt for not complying with the Williams Order. In addition, without relief, the Debtor would be forced to travel with his Texas based counsel to mediation in Virginia in violation of the automatic stay and is certain to violate the Williams Order given the demand that he have "full authority" to settle the case at the Plaintiffs' last demand.

20.     The Williams Order is unquestionably a violation of the automatic stay, and the Debtor therefore requests entry of an order determining that the Williams Order is void as having been issued in violation of the automatic stay.

21.     For the same reasons, the Galloway Order violates the automatic stay by (i) requiring the Debtor to have counsel at a November 15 hearing in a proceeding against him, and

(ii) ordering plaintiffs to institute legal proceedings to recover property alleged to have been transferred by the Debtor (property that, if subject to claw-back, would be property of the Debtor's estate) or alleged to be available to satisfy the plaintiffs' judgment against the Debtor.

22. The Debtor regrets the need for this motion, but the Debtor is not getting the breathing spell this proceeding should afford him. Under the expectation that facilitating the contingent global settlement agreement and honoring it as written would be both efficient and largely ministerial, the Debtor has already devoted far more resources than reasonable or necessary in connection with three prior conferences relating to the contingent global settlement. Although with respect to the contingent global settlement the parties should be doing nothing but waiting on bids to see if the settlement can be funded as required, those conferences culminated in a hearing and orders essentially requiring the Debtor to renegotiate the settlement and mediate his bankruptcy case in Virginia.

## **BASIS FOR RELIEF**

23. The automatic stay of section 362(a) of the Bankruptcy Code becomes effective upon the commencement of a debtor's bankruptcy case.[3] The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't. of Envtl. Prot.*, 474 U.S. 494, 503, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986) (citation omitted). Its purpose is to give the Debtor a breathing spell and a chance for a fresh start. *Brown v. Chestnut (In re Chestnut)*, 422 F.3d 298, 301 (5th Cir. 2005).

24. The automatic stay of section 362(a) of the Bankruptcy Code operates as a stay, applicable to all entities, of:

---

[3] *In re Freemyer Indus. Pressure, Inc.*, 281 B.R. 262, 266 (Bankr. N.D. Tex. 2002) (Lynn, J.). (citing, 3 COLLIER ON BANKRUPTCY ¶ 362.02 (15th ed. rev. 2002) ("The stay is effective automatically upon the filing of a bankruptcy petition….")).

8

(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title;

(2) The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . .

(6) Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title

25. Federal district courts are subject to the automatic stay. The automatic stay applies to all "entities." Entities is defined to include "governmental units." 11 U.S.C. § 101(15). Government units, in turn, are defined to include the United States and any "department, agency, or instrumentality of the United States." 11 U.S.C. § 101(27). Thus, courts have found federal district court orders issued in violation of the automatic stay to be void. *See SEC v. Brennan*, 230 F.3d 65, 67 (2d Cir. 2000) (finding order of the Federal District Court of the Southern District of New York requiring defendant, a debtor in bankruptcy, to repatriate the assets of an offshore asset protection trust violated the automatic stay and vacating order).

26. If that were not the law, any federal district court judge presiding over a litigation matter in which the defendant files bankruptcy during the proceeding would effectively have the power to determine whether the defendant should be entitled to bankruptcy relief. Congress has not given judges (other than the presiding bankruptcy judge or a judge presiding over an appeal from the bankruptcy court) the power to decide if the automatic stay should be available to the debtor or if the stay should be lifted. That power rests with the Bankruptcy Court.

27. Most courts have held that actions in violation of the automatic stay are void *ab initio. See Miller v. Savings Bank of Baltimore,* 10 B.R. 778 (Bankr. D.Md. 1981); *In re Aznoe*

9

*Agribiz, Inc.,* 416 B.R. 755 (Bankr. D.Mont. 2009); 3 COLLIER ON BANKRUPTCY P 362.11[1] (15th ed. rev. 2009). The Fifth Circuit Court of Appeals has concluded that actions in violation of the stay are "voidable and [the defect in such an act is] capable of discretionary cure" pursuant to section 362(d) of the Code. *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir. 1989); *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir. 1990); *In re Thornburg,* 277 B.R. 719 (Bankr. E.D. Tex. 2002). Retroactive relief to annul the stay and cure a stay violation, however, should be granted only sparingly and in compelling circumstances. *Thornburg,* 277 B.R. 719

28. Here, the Williams Order unquestionably constitutes a continuation of the proceeding against the Debtor. The order requires a mediation in Virginia on November 13, 2024 to re-negotiate the settlement, requires the Debtor to attend in person with counsel and with to full authority to settle "up to the value of the last demand by the Plaintiff(s)." The order further indicates that the failure of the Debtor to do so "may result in the imposition of sanctions . . . " It also orders each party to submit an "ex parte memorandum to the Court setting forth that party's position and include the following topics: . . . overview of the basic allegations, defenses and relevant facts, . . . realistic assessment of the strengths and weaknesses of each party's position; [a] summary of settlement discussions to date; [and] [a] statement of settlement expectations (to include settlement offers(s))."

29. There are no compelling circumstances at the outset of this bankruptcy case to retroactively annul the automatic stay and require the Debtor to proceed with mediation and court hearings in litigation in Virginia. The Debtor is entitled to a breathing spell and, if the global settlement is not going to be consummated, to have the determination of his liabilities to consumer borrowers (other than the limited class of borrowers that are the subject of the judgment on appeal) adjudicated alongside Eventide's adjudication of essentially the same liabilities, in a centralized

and efficient forum as is one of the fundamental purposes for a bankruptcy collective proceeding.

WHEREFORE, for all the foregoing reasons, the Debtor requests that the Court enter an order, in the form of the proposed order attached hereto as Exhibit E, (i) determining that the Williams Order and Galloway Order were entered in violation of the automatic stay and are void; and (ii) granting the Debtor such other and further relief as the Court deems just and appropriate.

DATED: October 31, 2024

Respectfully submitted,

*/s/ Daniel P. Winikka*
Daniel P. Winikka (TX 00794873)
**WINIKKA LAW, PLLC**
6060 North Central Expressway
Suite 500
Dallas, TX 75206
Telephone: (469) 384-7710
Facsimile: (469) 384-7709
dan@danwinlaw.com

**COUNSEL FOR DEBTOR IN POSSESSION**

*/s/ Craig F. Simon*
Craig F. Simon  (TX 00784968)
**MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP**
901 Main St.
Suite 3700
Dallas, TX 75202
Telephone: (214) 744-3700
Facsimile: (214) 292-2356
csimon@meadowscollier.com

**PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION**

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 31st day of October, he caused to be served a true and correct copy of this Emergency Motion for Enforcement of the Automatic Stay, by (i) electronically filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system; (ii) by email to counsel for the Virginia consumer borrower class and the Office of the U.S. Trustee as noted below and (iii) by first class mail, postage prepaid, to the creditors on the Debtor's top 20 list.

Counsel for Virginia consumer borrower class
Kristi Cahoon Kelly, Esq.
Andrew J. Guzzo, Esq.
Kelly Guzzo PLC
3925 Chain Bridge Road, Ste 202
Fairfax, VA
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com

*Susan B. Hersh*
Trial Attorney
Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX 75242
susan.hersh@usdoj.gov

Elizabeth Young
Trial Attorney
Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX 75242
elizabeth.A.Young@usdoj.gov

*/s/ Daniel P. Winikka*
Daniel P. Winikka

3