# EXHIBIT 4



**WINIKKA LAW, PLLC**

Dan Winikka
Direct 469-384-7710
Mobile 214-402-4523
www.danwinlaw.com

October 24, 2024

<u>*Via E-Mail and Overnight Mail:*</u>

Kristi Cahoon Kelly, Esq.
Andrew J. Guzzo, Esq.
Kelly Guzzo PLC
3925 Chain Bridge Road, Ste 202
Fairfax, VA
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com

  Re: <u>Eastern District of Virginia Orders</u>

Dear Kristi and Andrew,

 I have had a chance to review the orders Judge Payne entered last Friday and the related hearing transcript. The orders clearly violated the automatic stay in several ways.

 The automatic stay of section 362(a) of the Bankruptcy Code operates as a stay, applicable to all entities, of:

> (1) The commencement or ***continuation***, including the issuance or employment of process, ***of a*** judicial, administrative, or other action or ***proceeding against the debtor*** that was or could have been commenced before the commencement of the case under this title;
>
> (2) The enforcement, against the debtor ***or against property of the estate***, of a judgment obtained before the commencement of the case under this title;
>
> (3) ***any act*** to obtain possession of property of the estate or of property from the estate or ***to exercise control over property of the estate***; . . .

Kelly Guzzo
October 24, 2024

> (6)  *Any act to collect, assess, or recover* a claim *against the debtor* that arose before the commencement of the case under this title.

The automatic stay applies not just to proceedings against the debtor but also applies to acts to obtain or exercise control over property of the debtor or even any property in which the debtor has "only an arguable claim of right." *See Brown v. Chestnut (In re Chestnut)*, 422 F.3d 298, 301 (5th Cir. 2005) (finding that mortgagee violated the automatic stay by foreclosing on property titled in the name of the non-debtor spouse). The automatic stay applies in the face of any uncertainty.

Orders of a federal district court are not exempted from the automatic stay.  The automatic stay applies to all "entities."  Entities is defined to include "governmental units."  11 U.S.C. § 101(15).  Government units, in turn, are defined to include the United States and any "department, agency, or instrumentality of the United States." 11 U.S.C. § 101(27).  Thus, courts have found federal district court orders issued in violation of the automatic stay to be void. *See SEC v. Brennan*, 230 F.3d 65, 67 (2d Cir. 2000) (finding order of the Federal District Court of the Southern District of New York requiring defendant, a debtor in bankruptcy, to repatriate the assets of an offshore asset protection trust violated the automatic stay and vacating order).

In addition to the automatic stay, the bankruptcy court has exclusive jurisdiction under 28 U.S.C. §1334(e) over all property of my client or his estate.  Property of his estate includes any actions against third parties to recover any of his alleged property.  Indeed, debtors are required to report all such possible causes of action on their bankruptcy asset schedules.

With respect to the two October 18 orders, among other issues, the order Judge Payne entered in the *Williams*, *Galloway I* and *Galloway II* cases requires that the plaintiffs file motions that seek to recover transfers Mr. Martorello made or assets that the plaintiffs have been asserting that Mr. Martorello owns, controls or can otherwise make available to satisfy the judgment against him.  Based on plaintiffs' own assertions, these requests for relief are bankruptcy estate causes of action or seek repatriation of property of the bankruptcy estate.  It does not matter that Matt's position is that the foreign assets are not his or under his control, plaintiffs have submitted extensive briefs arguing the assets are available to pay the judgment and therefore property of the estate. If plaintiffs comply with Judge Payne's order, you will be in clear and willful violation of the automatic stay.

Filing such motions only in the case against Rebecca Martorello (which in and of itself would be improper when there is no judgment against her) does not avoid the stay violation because plaintiffs allege that the foreign assets that plaintiffs seek to repatriate are my client's property (subjecting those assets to the automatic stay under controlling Fifth Circuit authority) and the fraudulent conveyance action relates to a transfer my client made, making any action seeking recovery of it (against a transferee or any subsequent transferee) an estate cause of action under sections 548 and 544 of the Bankruptcy Code.  Judge Payne's order also sets a status hearing in the two cases in which my client is the only remaining defendant and requires Debtor's counsel to appear at that hearing in the courtroom on November 15 – a clear continuation of the proceedings against my client and thus violation of the automatic stay as well.

Kelly Guzzo
October 24, 2024

The order entered in the *Williams* case likewise violates the automatic stay by continuing the proceedings against Mr. Martorello. The order requires a mediation in Virginia on November 13, 2024 to apparently re-negotiate the settlement and requires my client to "have a representative physically present with full authority to settle this action . . . up to the value of the last demand by the Plaintiff(s)." The order further indicates that the failure of my client to do so "may result in the imposition of sanctions . . . " It also orders each party to submit an "ex parte memorandum to the Court setting forth that party's position and include the following topics: . . . overview of the basic allegations, defenses and relevant facts, . . . realistic assessment of the strengths and weaknesses of each party's position; [a] summary of settlement discussions to date; [and] [a] statement of settlement expectations (to include settlement offers(s))."

With respect to the requirement in the *Galloway* order that plaintiffs seek relief from stay in the bankruptcy court to proceed with litigation against my client in Virginia, if plaintiffs do so it will be a material breach of the settlement agreement (including, but not limited to, section 7.1). My client reserves all rights in that respect.

Having reviewed the transcript from the hearing, it is apparent that you acquiesced in the actions Judge Payne was suggesting or indicating he may order. It does not matter that you may not have requested the actions Judge Payne ordered, as you have an affirmative duty to take steps to ensure that the automatic stay is not violated, and inaction is a violation in these circumstances. *See Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529-32 (E.D. Va. 2014) (affirming bankruptcy court's conclusion that creditor and creditor's counsel willfully violated the automatic stay by failing to take affirmative action to request that a state court cancel a status hearing after the state court had *sua sponte* ordered a status conference in a pre-bankruptcy proceeding against the debtor). My client will not seek sanctions for violation of the automatic stay if you agree to make a request to Judge Payne, which my client will join, to substantially modify both orders so that the violations of the automatic stay do not continue. This requires that the *Galloway I* and *Galloway II* order be modified to (i) make clear that the two motions Judge Payne ordered to be filed must not be filed without relief from the automatic stay first and (ii) remove the requirement that there be a hearing in the *Williams* and *Galloway I* cases in which Mr. Martorello is the only remaining defendant. The *Williams* order should be modified to remove the mediation and briefing requirements and provide only that there be a status conference with Magistrate Colombell to discuss an extension of the deadlines if one or more bids are received before November 13 that meet the settlement agreement funding requirement or that plaintiffs are willing to accept without any additional consideration.

If you do not agree to make a request to Judge Payne for these modifications to ensure the stay violations are remedied, my client intends to seek emergency relief in the Bankruptcy Court to enforce the stay and for sanctions for willful violations of the stay. Please advise whether your clients are willing to make the request to Judge Payne for these modifications before the close of business on October 25, 2024.

My apologies that I could not get this letter out sooner but, as you know, my client and I had a deadline of October 23, 2024 to file the schedules and statements and a hearing on the settlement with the Tribe on October 23, 2024 as well, which the consumer borrowers contested.

Kelly Guzzo
October 24, 2024

   To reiterate my client's position on the global settlement, he is still willing the honor the deal and allow time for the bids to manifest if plaintiffs are still willing to accept the 50% cap on the sale of the shares and honor the litigation standstills agreed upon. Litigating in the bankruptcy court on a request to lift the stay while simultaneously purporting to hold my client to the settlement, however, is not acceptable or in accordance with the agreement, and my client reserves all rights in that respect.

   Finally, please refrain from using Braviant's name in open court or in any public filings as doing so could damage Braviant and negatively affect the bidding process and values of any bids.

            Very truly yours,

            Daniel Winikka