| | |
|---|---|
| Daniel P. Winikka (State Bar No. 00794873) **WINIKKA LAW PLLC** 6060 N. Central Expressway, Suite 500 Dallas, TX 75206 Phone: 469-384-7710 Facsimile: 469-384-7709 dan@danwinlaw.com  COUNSEL FOR DEBTOR IN POSSESSION | Craig F. Simon (State Bar No. 00784968) **MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP** 901 Main Street, Suite 3700 Dallas, TX 75202 Phone: 214-744-3700 Facsimile: 214-292-2356 csimon@meadowscollier.com  PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re  MATTHEW BRANDON MARTORELLO,   Debtor. | § § § § § § § § § § § | Chapter 11  Case No. 24-90016-mxm-11 |

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF MEADOWS COLLIER AS CO-COUNSEL FOR THE DEBTOR NUNC PRO TUNC AS OF OCTOBER 14, 2024

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf/txnb/uscourts.gov/ no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Matthew B. Martorello, the above-captioned debtor in possession (the "Debtor"), hereby submits this application (the "Application") for entry of an order authorizing the employment and retention of Meadows, Collier, Reed, Cousins, Crouch & Ungerman, L.L.P. ("Meadows Collier") as co-counsel for the Debtor *nunc pro tunc* as of October 14, 2024. In support of this Application, the Debtor relies upon the *Declaration of Craig F. Simon in Support of the Application for Order Authorizing Employment of Meadows Collier as Counsel for the Debtor* (the "Simon Declaration") and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought herein are 11 U.S.C. §§ 327(a), 328(a), and 329, Fed. R. Bankr. P. 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1.

## PROCEDURAL HISTORY

2. On September 20, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is managing his property as debtor-in-possession pursuant to section 1107(a) of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. The Debtor is an "affiliate" of Eventide Credit Acquisitions, LLC ("Eventide"), a debtor in possession in this Court (Case No. 23-90007-mxm-11), because he indirectly owns or controls more than 20% of its voting member interests.

## BACKGROUND FACTS RELATING TO THE DEBTOR

5. On the Petition Date, the Debtor filed his *Debtor's Statement Regarding Commencement of Chapter 11 Case* (the "Debtor's Statement") (Dkt. 6). As explained in greater detail in the Debtor's Statement, the Debtor, along with Eventide, is a defendant in lawsuits filed in multiple states on behalf of consumers who obtained loans from a federally recognized Indian tribe, the Lac Vieux Desert Band of Lake Superior Chippewa Indians ("LVD" or the "Tribe").

6. For the same reasons articulated in Eventide's statement of position (Docket 15 in Eventide case) as well as the fact that the Debtor consulted with highly reputable counsel specializing in Indian law that structured the arrangement and opined on its legality, the Debtor disputes that any of these plaintiffs have valid claims. If the claims are valid, however, then there are unrepresented consumer borrowers in the remaining forty-seven (47) states with similar potential claims against the Debtor.

7. In the first class-action lawsuit filed, the federal district court in Virginia issued certain rulings on summary judgment, including that Virginia law applied to the loans and it was irrelevant whether the Debtor had a good faith belief that the loans were legal.[1] The Debtor believes those rulings were erroneous, and to avoid a wasteful trial and obtain appellate review as quickly as possible, he agreed to a $43 million judgment in that case and appealed the judgment to the Fourth Circuit Court of Appeals in September 2023. The Debtor's source of income to defend himself, however, was cut off in September 2023 when the Tribe stopped making payments it owed to Eventide, an entity formed for purposes of receiving the payments the Tribe obligated itself to pay in connection with its purchase of a data and consulting business that the Debtor, in part, had owned.

---

[1] Eventide is not a defendant in that first-filed action, but is a defendant in subsequently filed lawsuits.

8. By early 2024, it became evident that the Debtor could not continue to defend himself in multiple jurisdictions and hold everything at bay until the Fourth Circuit ruled on the appeal. Accordingly, even though the Debtor strongly believed that he would prevail in his appeal, he began discussions with class counsel regarding a possible settlement that would (a) include not just the borrowers in Virginia, which constituted only about 3% of LVD's borrowers nationwide, but all the Tribe's borrowers nationwide through May 1, 2024; and (b) help him avoid a personal bankruptcy filing.

9. To that end, after months of negotiations and prior to the Petition Date, the Debtor agreed to a contingent, global class settlement (the "Global Settlement") relating to his potential liability to consumers nationwide that obtained loans from the Tribe. The Global Settlement, if it could have been consummated, would have resolved (i) the Debtor's potential liability to a nationwide class of consumer borrowers and (ii) the existing $43 million judgment against him currently on appeal in the Fourth Circuit, which would be vacated. The Global Settlement would also have resolved Eventide's potentially liability to the same nationwide class of borrowers. The Global Settlement was conditioned upon the ability to sell up to 50% of certain shares in a private company at the plaintiffs' required price and by their required timeline.

10. Although as of the Petition Date the Debtor was still hopeful that the Global Settlement could be consummated, the commencement of this case nonetheless became necessary for three primary reasons: (i) unresolved issues with the Internal Revenue Service ("IRS") over $8.5 million in erroneous or unjustified tax penalties; (ii) the filing of a frivolous lawsuit against the Debtor and Eventide's attorneys in tribal court (the "Tribal Court Lawsuit"); and (iii) to ensure the Debtor's fresh start, through possible findings or other actions, including addressing any

potential liability that the Debtor could have for the Tribe's continued lending after the May 1, 2024 end date of the settlement class.

11.     Since the Petition Date, the Debtor has resolved the Tribal Court Lawsuit against him, which has been dismissed. It has recently become clear, however, that the Global Settlement cannot be consummated. Accordingly, the Debtor's principal objectives in this bankruptcy case are (i) to expeditiously resolve the erroneous IRS penalties; (ii) to resolve all alleged RICO, usury and other claims against him in respect of the Tribe's loans to consumer borrowers, in a single, centralized forum alongside Eventide and (iii) if necessary to obtain his fresh start, to obtain necessary findings and protections from the Tribe's ongoing lending conduct.

## **RETENTION OF MEADOWS COLLIER**

12.     By this Application, the Debtor seeks Court approval, pursuant to section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules, to employ and retain Meadows Collier as its co- counsel *nunc pro tunc* as of October 14, 2024. The Debtor respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), approving the retention of Meadows Collier *nunc pro tunc* as of October 14, 2024 to perform bankruptcy-related and other legal services that will be necessary during this chapter 11 case.

13.     The Debtor contemplates that Meadows Collier will render general legal services to the Debtor as needed throughout the course of this chapter 11 case, including litigation and bankruptcy assistance and advice. Certain of the legal services that Meadows Collier will render to the Debtor may include the following:

> (a) Representing the Debtor in connection with contested matters and adversary proceedings in his chapter 11 case, including, but not limited to, litigation relating to claim objections and automatic stay issues;

(b) Advising the Debtor concerning, and assisting in the negotiation and documentation of, agreements relating to the resolution of his liabilities;

(c) Advising the Debtor concerning the actions that he might take to collect and to recover property for the benefit of the Debtor's estate;

(d) Preparing on behalf of the Debtor necessary and appropriate applications, motions, pleadings, proposed orders, notices, schedules and other documents;

(e) Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices and other papers that may be filed and served in this chapter 11 case;

(f) Representing the Debtor in connection with any necessary litigation relating to the tax penalties that were assessed against the Debtor; and

(g) Performing other legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of this chapter 11 case or in the conduct of the bankruptcy case.

14. The Debtor requires knowledgeable counsel to render the above-described essential professional services. The Debtor has selected Meadows Collier because of Meadows Colliers' extensive experience in bankruptcy litigation matters as well as tax controversies and related litigation. The Debtor submits that Meadows Collier is well qualified to represent the Debtor's interests in this case.

## CO-COUNSEL FOR THE DEBTOR

15. The Debtor has previously retained Winikka Law PLLC as lead bankruptcy counsel. Given that Mr. Winikka is a sole practitioner, the Debtor needs co-counsel to provide additional support as well as expertise in certain areas of law that will likely be necessary in this case. The Debtor has selected Meadows Collier to be co-counsel to Winikka Law PLLC because Meadows Collier has extensive bankruptcy litigation experience as well as tax and trust expertise. Meadows Collier, however, does not have any partners with the type of restructuring expertise

possessed by Mr. Winikka. Given (i) the need for bankruptcy litigation support and expertise, (ii) the tax issues the Debtor faces, (iii) the potential trust issues that could arise, and (iv) the fact that Mr. Winikka is a sole practitioner, the Debtor believes that the employment and retention of Winikka Law PLLC as lead bankruptcy counsel and Meadows Collier as co-counsel is necessary and appropriate under the circumstances. Indeed, the Debtor submits that the retention of both firms is essentially equivalent to the retention of only Meadows Collier if Mr. Winikka was a partner at Meadows Collier. In fact, Mr. Winikka has worked extensively with certain of the lawyers at Meadows Collier over the years, and the Debtor believes that they can and will work very efficiently together to avoid duplication of effort.

16. Given the complexities of this case, the Debtor believes that pooling the resources of Winikka Law PLLC and Meadows Collier will foster the dual goals of efficient and effective representation and will work to the benefit of the Debtor, the Debtor's estate and creditors of the Debtor.

### **PROPOSED COMPENSATION OF MEADOWS COLLIER**

17. Subject to the Court's approval, Meadows Collier will charge the Debtor for its legal services on an hourly basis at its customary hourly rates, which are subject to change from time-to-time. The current hourly rates for the professionals who are expected to be most involved in this matter are set forth below:

   a. Craig F. Simon – Partner – $750.00

   b. Paula E. Reichenstein – Senior Counsel – $605

   c. Emily Mosher – Paralegal - $270.00

18. In addition, Meadows Collier will seek reimbursement of expenses advanced on behalf of the Debtor according to its customary and usual practices. Meadows Collier will maintain

detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with its legal services.

19. If Meadows Colliers' fees and expenses are to be paid by the Debtor's estate or by any third party that intends to seek recovery for the payment of such fees and expenses from the Debtor's estate, Meadows Collier intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

## DISCLOSURES

20. As set forth in the Simon Declaration, the Debtor and his spouse jointly retained Meadows Collier prior to the Petition Date to provide legal advice to each of them, limited to bankruptcy contingency planning in conjunction with Winikka Law PLLC. The legal advice prior to the Petition Date was limited to 16 hours of time (only ¼ hour of which was in the 90 days prior to the Petition Date) and Meadows Collier was paid for that work prior to the Petition Date. Meadows Collier provided no legal advice to the Debtor or his spouse from the Petition Date until the early part of October 2024, when the joint engagement was renewed.

21. In connection with the renewed joint engagement of Meadows Collier, on October 22, 2024, and October 23, 2024, the Debtor's spouse directly paid Meadows Collier, from her separate property, a retainer in the total amount of $200,000 (in two increments of $100,000 each) for Meadows Collier's joint representation of her and the Debtor. The Debtor's spouse has not sought, and will not seek, any reimbursement from the Debtor's estate for any portion of the retainer that was or is applied in respect of services Meadows Collier provided or provides to the Debtor. Meadows Collier continues to hold the unused portion of the Retainer in its IOLTA account (balance of $173,592.50), which remains separate property of the Debtor's spouse.

22. To the best of the Debtor's knowledge, information and belief, other than as disclosed in the Declaration, Meadows Collier has no connection with the Debtor, its creditors or any other party in interest herein or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee. Meadows Collier has not represented any other party in interest with respect to any matter related to the Debtor.

23. To the best of the Debtor's knowledge, information and belief, Meadows Collier represents no interest adverse to the Debtor or to its estate in the matters for which Meadows Collier is proposed to be retained and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. The Debtor submits that its employment of Meadows Collier would be in the best interests of the Debtor, its estate and creditors.

24. The Simon Declaration filed concurrently herewith has been executed on behalf of Meadows Collier in accordance with the provisions of sections 327, 328, 329 and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, N.D. Tex. L.B.R. 2014-1 and 2016-1 and U.S. Trustee Guidelines. The Debtor's knowledge, information and belief regarding the matters set forth herein are based and made in reliance upon the Simon Declaration.

25. No previous application for the relief requested herein has been made in this case.

## NOTICE

26. Notice of this Application will be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor; and (iii) parties requesting notice. The Debtor submits that no further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, attached hereto as Exhibit A, authorizing the employment and retention of Meadows Collier as counsel for the Debtor, *nunc pro tunc* as of October 14, 2024, on the terms set forth above, and granting the Debtor all other just and proper relief.

DATED: November 13, 2024

                                      Respectfully submitted,

                                      */s/ Daniel P. Winikka*
                                      Daniel P. Winikka (TX 00794873)
                                      **WINIKKA LAW, PLLC**
                                      6060 North Central Expressway
                                      Suite 500
                                      Dallas, TX 75206
                                      Telephone: (469) 384-7710
                                      Facsimile: (469) 384-7709
                                      dan@danwinlaw.com

                                      **COUNSEL FOR DEBTOR IN POSSESSION**

                                      */s/ Craig F. Simon*
                                      Craig F. Simon (TX 00784968)
                                      **MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP**
                                      901 Main St.
                                      Suite 3700
                                      Dallas, TX 75202
                                      Telephone: (214) 744-3700
                                      Facsimile: (214) 292-2356
                                      csimon@meadowscollier.com

                                      **PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 13th day of November 2024, he caused to be served a true and correct copy of this Application for Order Authorizing Employment of Meadows Collier As Co-Counsel for the Debtor *nunc pro tunc* as of October 14, 2024, by electronically filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and by first class U.S. mail, postage prepaid, upon the parties on the attached service list.

                                                */s/ Craig F. Simon*
                                                Craig F. Simon

Matthew Brandon Martorello
Case 24-90016-mxm-11
Service List

Virginia Borrower Class
c/o John Scofield
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Big Picture Loans, LLC
Attn: Co-Managers
E23970 Pow Wow Trail
P.O. Box 704
Watersmeet, Michigan 49969

Citibank
Attn: Bankruptcy Dept
PO Box 790034
St. Louis, MO 63179-0034

Giordani & Assoc
Leslie Giordani
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Kohl's Credit Card
Attn: Bankruptcy Dept
PO Box 3115
Milwaukee, WI 53201-3115

First National Bank of Omaha
Attn: Bankruptcy Dept
PO Box 3412
Omaha, NE 68103-0412

Richard Lee Smith
c/o Cynthia B. Chapman
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Renee Galloway
c/o John Scofield
Caddell & Chapman
628 E. 9th St
Houston, TX 77007

Lula Williams et al
c/o Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Bank of America, N.A.
Attn:
PO Box 31785
Tampa, FL 33631-3785

Greenberg Traurig, LLP
c/o Jennifer Weddle
1200 17th St
Suite 2400
Denver, CO 80202

American Express
Attn: Bankruptcy Dept
PO Box 981535
El Paso, TX 79998-1535

Discover Card
Attn: Bankruptcy Dept
PO Box 3025
New Albany, OH 43054-3025

JP Morgan Chase Bank NA
Attn: Bankruptcy Dept
PO Box 15298
Wilmington, DE 19850

Comenity Capital Bank
Attn: Bankruptcy Dept
PO Box 183043
Columbus, OH 43218-3043

Office of the United States Trustee
1100 Commerce, Room 976
Dallas, Texas 75242-1699

Internal Revenue Service
Centralized Insolvency Office
P. O. Box 7346
Philadelphia, PA 19101-7346

Loeb & Loeb LLP
c/o Barney Given
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

The Summit Investment Group
3207 Plantation Village
Dorado, PR 00646

William Blum
Solomon Blum Heymann LLP
40 Wall Street
35th Floor
New York, NY 10005

Upgrade
Attn: Bankruptcy Dept
2N. Central Ave 10th Floor
Phoenix, AZ 85004

Dana Duggan
c/o John B. Scofield , Jr.
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Amanda P. Swartz
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201