| | |
|---|---|
| Daniel P. Winikka (State Bar No. 00794873) **WINIKKA LAW PLLC** 6060 N. Central Expressway, Suite 500 Dallas, TX 75206 Phone: 469-384-7710 Facsimile: 469-384-7709 dan@danwinlaw.com  COUNSEL FOR DEBTOR IN POSSESSION | Craig F. Simon (State Bar No. 00784968) **MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP** 901 Main Street, Suite 3700 Dallas, TX 75202 Phone: 214-744-3700 Facsimile: 214-292-2356 csimon@meadowscollier.com  PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re  MATTHEW BRANDON MARTORELLO,   Debtor. | § § § § § § § § § § § | Chapter 11  Case No. 24-90016-mxm-11 |

**DEBTOR'S (I) RESPONSE TO VIRGINIA PLAINTIFFS' PRELIMINARY OBJECTION TO THE APPLICATION TO RETAIN MEADOWS COLLIER AS CO-COUNSEL FOR THE DEBTOR AND (II) RELATED DISCLOSURES/CLARIFICATIONS**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Matthew B. Martorello, the above-captioned debtor in possession (the "Debtor"), hereby submits this (i) response to the Virginia Plaintifffs' Preliminary Objection to the Application to Retain Meadows Collier as Co-Counsel to the Debtor and (ii) related disclosures/clarifications, and in support states as follows:

1. The preliminary objection asserts that the Debtor's application to retain Meadows, Collier, Reed, Cousins, Crouch & Ungerman, L.L.P. ("Meadows Collier") as co-counsel for the Debtor (the "Application") "contains insufficient disclosures to enable creditors and the Court to meaningfully evaluate Meadows Collier's disinterestedness" and states that clarifications are

needed on four topics. To the extent that the Application was not clear, the Debtor is filing this response, and Meadows Colliers is filing a related supplemental declaration, a copy of which is attached hereto as Exhibit A, to clarify or supplement Meadows Colliers' disclosures.

2. First, the Virginia Plaintiffs state that Meadows Collier must clarify "whether it still represents Mrs. Martorello and, if not, when such representation ended." Mrs. Martorello commenced her own bankruptcy case under chapter 7 of the Bankruptcy Code on the same day that the Debtor filed the Application. Meadows Collier's representation of Mrs. Martorello terminated prior to the commencement of her bankruptcy proceeding. Although Meadows Collier does not currently represent Mrs. Martorello, Meadows Collier anticipates that Mrs. Martorello may retain Meadows Collier to represent her in her chapter 7 case with respect to litigation relating to whether she has any liability to consumer borrowers from a federally recognized Indian tribe—the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe").[1] Such litigation will involve essentially the same issues that will need to be addressed in the adjudication of the Debtor's liability to such consumer borrowers and, to a large degree, the potential liability of Eventide Credit Acquisitions and BWH Texas LLC as well.

3. Second, the Virginia Plaintiffs assert that they need clarity regarding Meadows Colliers' "intentions with respect to the retainer funds advanced by Mrs. Martorello, which according to the Application are an asset of Mrs. Martorello's bankruptcy estate." As stated in the Application, the retainer was paid from Mrs. Martorello's separate property and the unused portion of the retainer remains Mrs. Marorello's separate property. Mrs. Martorello's non-exempt separate

---

[1] Given that the Virginia Plaintiffs have already filed an adversary proceeding against the Debtor seeking to except their claims from discharge, if Mrs. Martorello's discharge of any liability to consumer borrowers is likewise challenged, it is likely she would retain Meadows Collier to represent her on that issue as well.

property became property of her bankruptcy estate, and the unused portion of the retainer will be returned as directed by the chapter 7 trustee.

4. Third, Virginia Plaintiffs assert that they need clarity "whether Mrs. Martorello or her estate hold any potential claims against the Debtor or Meadows Collier and, if so, the nature and extent of those claims." As the Virginia Plaintiffs already pointed out, and as disclosed in the Debtor's schedules, prior to the Petition Date, Mrs. Martorello loaned her husband substantial funds from her separate property so that he could pay legal fees in connection with his defense of the litigation by the Virginia Plaintiffs and other consumer borrowers. As a result she has an undisputed claim in this bankruptcy case. Mrs. Martorello has no other claims against her husband in this chapter 11 case. With respect to whether Mrs. Martorello's chapter 7 estate has any potential claims against Meadows Collier, it is hard to see how any such potential claim, if it existed, would create any interest of Meadows Collier adverse to the Debtor's estate (as opposed to the chapter 7 estate). In any event, the Debtor does not believe that his wife's chapter 7 estate has claims against Meadows Collier as a result of her funding the retainer to secure the joint representation of the Debtor and his wife given that the Debtor and his wife received valuable legal services as a result of the retention, and Meadows Colliers' application of a portion of the retainer (about $26,000) prior to Mrs. Martorello filing bankruptcy could not have been a preference because the legal services were secured by the retainer.

5. Finally, the Virginia Plaintiffs indicate that they want to know whether "the Debtor holds any claims against Mrs. Martorello or her bankruptcy estate." The Debtor holds no claims against his wife or her estate.

6. Contrary to the suggestion of the Virginia Plaintiffs, assuming Mrs. Martorello retains Meadows Collier to represent her in her chapter 7 case relating to her potential liability to

consumer borrowers from the Tribe, Meadows Colliers' concurrent representation of the Debtor and his wife would not "preclude it from being 'disinterested' as required under section 327(a)." Preliminary Objection at 3. The Debtor and his wife's interests are completely aligned. Meadows Colliers' representation of both of them in litigation in which they are both asserting the same defenses would not give rise to any divided loyalties or lack of impartiality on the part of Meadows Collier such that Meadows Collier could be said to have an interest adverse to the Debtor's estate or an actual conflict of interest. Requiring Mrs. Martorello to retain separate counsel for purposes of litigating against the Virginia Plaintiffs on the very same issues that her husband is litigating against the Virginia Plaintiffs would accomplish nothing more than increasing her legal fees – perhaps an outcome Virginia Plaintiffs hope to accomplish but not one that is legally required or that makes sense. The fact that she holds an undisputed prepetition claim against the Debtor's estate is not disqualifying. Section 327(c) of the Bankruptcy Code expressly provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." There is no actual conflict of interest here, and it belies any common sense to think that the fact that the Debtor's wife has an unsecured claim for loaning her husband funds pre-bankruptcy to defend himself could lead to any sort of divided loyalty or lack of impartiality on the part of Meadows Collier in its representation of the Debtor.[2]

---

[2] The Virginia Plaintiffs assert in a footnote that Winikka Law PLLC must also make "corrective disclosures." Preliminary Obj. at n2. When the retention application for Winikka Law was filed, it was contemplated that Mrs. Martorello would also retain Winikka Law to represent her "to the extent she determines she needs to commence bankruptcy as well." Winikka Retention Application at ¶20. Before there was any engagement of Winikka Law to represent Mrs. Martorello, Mrs. Martorello determined to retain Behrooz Vida. As with Meadows Collier, however, it is anticipated that Mrs. Martorello will likely retain Winikka Law along with Meadows Collier to represent her in her chapter 7 proceeding with respect to litigation relating to her potential liability to consumer borrowers from the Tribe and, if challenged, any asserted exception from discharge for any such liability. Winikka Law is filing a supplemental declaration regarding these developments. Although the Virginia Plaintiffs also suggest that Winikka

7. As stated in the Application, to the best of the Debtor's knowledge, information and belief, Meadows Collier represents no interest adverse to the Debtor or to its estate in the matters for which Meadows Collier is proposed to be retained and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

For all the foregoing reasons, to the extent this response and additional clarifications has not resolved the Preliminary Objection, it should be overruled.

---

Law "received retainer payments from Mrs. Martorello that may be subject to claims by Mrs. Martorello's bankruptcy estate," they do not explain how any such potential claim would create any potential adverse interest of Winikka Law against the Debtor's estate. Moreover, the Debtor does not believe that his wife's retainer payment to Winikka Law is subject to clawback by his wife's estate in any event because it was not a payment on an antecedent debt, and Mrs. Martorello received not only a promise to repay pursuant to an existing promissory note, but also critical and necessary legal services for her husband, which benefited the entire family.

DATED: November 25, 2024

        Respectfully submitted,

        */s/ Daniel P. Winikka*
        Daniel P. Winikka (TX 00794873)
        **WINIKKA LAW, PLLC**
        6060 North Central Expressway, Suite 500
        Dallas, TX 75206
        Telephone: (469) 384-7710
        Facsimile: (469) 384-7709
        dan@danwinlaw.com

        **COUNSEL FOR DEBTOR IN POSSESSION**

        */s/ Craig F. Simon*
        Craig F. Simon (TX 00784968)
        **MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP**
        901 Main St., Suite 3700
        Dallas, TX 75202
        Telephone: (214) 744-3700
        Facsimile: (214) 292-2356
        csimon@meadowscollier.com

        **PROPOSED CO-COUNSEL FOR DEBTOR IN POSSESSION**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 25th day of November, he caused to be served a true and correct copy of this *Debtor's (I) Response to the Virginia Plaintifffs' Preliminary Objection to the Application to Retain Meadows Collier as Co-Counsel to the Debtor and (II) Related Disclosures/Clarifications* by (i) electronically filing it with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system; and (ii) by first class U.S. mail, postage prepaid, upon the parties on the attached service list.

        */s/ Daniel P. Winikka*
        Daniel P. Winikka

Matthew Brandon Martorello
Case 24-90016-mxm-11
Service List

Virginia Borrower Class
c/o John Scofield
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Big Picture Loans, LLC
Attn: Co-Managers
E23970 Pow Wow Trail
P.O. Box 704
Watersmeet, Michigan 49969

Citibank
Attn: Bankruptcy Dept
PO Box 790034
St. Louis, MO 63179-0034

Giordani & Assoc
Leslie Giordani
2301 S. Capital of Texas Hwy
Building K
Austin, TX 78746

Kohl's Credit Card
Attn: Bankruptcy Dept
PO Box 3115
Milwaukee, WI 53201-3115

First National Bank of Omaha
Attn: Bankruptcy Dept
PO Box 3412
Omaha, NE 68103-0412

Richard Lee Smith
c/o Cynthia B. Chapman
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Renee Galloway
c/o John Scofield
Caddell & Chapman
628 E. 9th St
Houston, TX 77007

Lula Williams et al
c/o Kelly Guzzo PLC
3925 Chain Bridge Road
Suite 202
Fairfax, VA 22030

Bank of America, N.A.
Attn:
PO Box 31785
Tampa, FL 33631-3785

Greenberg Traurig, LLP
c/o Jennifer Weddle
1200 17th St
Suite 2400
Denver, CO 80202

American Express
Attn: Bankruptcy Dept
PO Box 981535
El Paso, TX 79998-1535

Discover Card
Attn: Bankruptcy Dept
PO Box 3025
New Albany, OH 43054-3025

JP Morgan Chase Bank NA
Attn: Bankruptcy Dept
PO Box 15298
Wilmington, DE 19850

Comenity Capital Bank
Attn: Bankruptcy Dept
PO Box 183043
Columbus, OH 43218-3043

Office of the United States Trustee
1100 Commerce, Room 976
Dallas, Texas 75242-1699

Internal Revenue Service
Centralized Insolvency Office
P. O. Box 7346
Philadelphia, PA 19101-7346

Loeb & Loeb LLP
c/o Barney Given
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, CA 90067

The Summit Investment Group
3207 Plantation Village
Dorado, PR 00646

William Blum
Solomon Blum Heymann LLP
40 Wall Street
35th Floor
New York, NY 10005

Upgrade
Attn: Bankruptcy Dept
2N. Central Ave 10th Floor
Phoenix, AZ 85004

Dana Duggan
c/o John B. Scofield, Jr.
Caddell & Chapman
628 East 9th Street
Houston, TX 77007

Amanda P. Swartz
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201